**SHAW, Banking Com'r, et al. v. BUSH.**

No. 1373.

Court of Civil Appeals of Texas. Waco.

June 1, 1933.

Rehearing Denied June 22, 1933.

Jos. W. Hale and George Clark, both of Waco, for appellants.

J. D. Williamson and Sleeper, Boynton & Kendall, all of Waco, for appellee.

ALEXANDER, Justice.

This action was brought to. recover the amount of an assessment levied by the banking commissioner against a stockholder of an insolvent state bank. The material question to be determined is whether or not the action was barred by limitation.

T. F. Bush, the defendant, was the owner of stock in the First State Bank & Trust Company, the insolvent bank. On April 14, 1928, James Shaw, the banking commissioner of this state, declared said bank insolvent and took charge of its assets, and on April 18, 1928, levied a 100 per cent. assessment against each stockholder therein. About the same time a new bank, the First Trust & Savings Bank, which will be referred to as the intervener, was organized. The banking commissioner transferred to the new bank or intervener all of the assets of the insolvent bank, together with the right to collect the assessment levied against the stockholders of the insolvent bank, and the new bank assumed the debts of the insolvent bank. This assignment was confirmed by a decree of the district court. On March 31, 1932, the banking commissioner instituted this suit against Bush to recover the amount of said assessment. On the same date the new bank, with leave of the court, intervened and asserted its right to recover the assessment under and by virtue of the assignment from the banking commissioner. The defendant pleaded the two years' statute of limitation. The trial court, after hearing the evidence, entered judgment for the defendant. The plaintiff and intervener appealed.

Revised Statutes, art. 5526, provides, in part, as follows:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * *

"4. Actions for debt where the indebtedness is not evidenced by a contract in writing."

Since the assessment in question was levied on April 18, 1928, and the suit was not filed until March 31, 1932, the cause of action was barred by the provisions of said statute, unless appellants can avoid the effect thereof under one of the contentions hereinafter discussed.

The appellants' first contention is that the cause of action on behalf of the banking commissioner to enforce the individual liability of a stockholder for an assessment is not an action for debt within the purview of the above-quoted statute. Their contention is that this statute applies to debts created by contract only and not to obligations created by the Constitution or statute. The contrary appears to be well established by the decisions of this state. In the case of Gordon v. Rhodes & Daniel, 102 Tex. 300, 116 S. W. 40, 41, it was held that "the debt need not be evidenced by or founded upon contract at all to come within the two-years statute." In the case of Rose v. First State Bank of Paris (Tex. Sup.) 59 S.W.(2d) 810, it was held that the statutory obligation of an officer of a bank to a depositor for accepting deposits while the bank was insolvent was a "debt" barred by the two years' statute of limitation. See, also, Robinson v. Varnell, 16 Tex. 382; Texarkana & Ft. S. Ry. Co. v. Houston Gas & Fuel Co. (Tex. Com. App.) 51 S.W.(2d) 284; Miller v. Kountze Corporate School District (Tex. Com. App.) 54 S.W.(2d) 344.

Appellants' next contention is that the cause of action is founded upon a written contract, and comes within the provisions of subdivision 1, of Revised Statutes, art. 5527, which provides a period of four years' limitation upon all "actions for debt where the indebtedness is evidenced by or founded upon any contract in writing." In this connection the appellants assert that the indebtedness sued for is evidenced by and founded upon the written stock certificate issued by the bank to the appellee and his receipt therefor. In order for an action to be one for an indebtedness evidenced by or founded upon a contract in writing, as referred to in the above quoted statute, the suit must be between the immediate parties to the contract, or those for whose benefit it was made, or their privies, and the written instrument relied upon must itself contain a contract to do the thing for the nonperformance of which the action is brought. 37 C. J. 756; Ahlers v. Smiley, 163 Cal. 200, 124 P. 827; par. 2; McCarthy v. Mt. Tecarte Land & Water Co., 111 Cal. 328, 43 P. 956; McDonald v. Thompson, 184 U. S. 71, 22 S. Ct. 297, 46 L. Ed. 437; Glover v. Storrie, 18 Tex. Civ. App. 6, 43 S. W. 1035; O'Connor v. Koch, 9 Tex. Civ. App. 586, 29 S. W. 400. The stock certificate issued by the bank to appellee was in the usual form, and merely certified that appellee was the owner of thirty shares of stock in the corporation. The instrument signed by appellee and delivered to the bank at the time the stock certificate was delivered to him merely acknowledged receipt of the certificate. The only contract to be gathered from these instruments was the agreement on the part of the corporation to recognize the appellee as a stockholder in the bank. The instruments did not contain any contract on the part of the appellee to pay an assessment. Moreover, whatever contractual relation was created by said instruments was between the holder of the certificate and the corporation issuing the same, and not between such holder and the creditors of the corporation. Liability of a stockholder for an assessment is not to the defunct corporation, but to the creditors thereof collectively, and arises, not by virtue of the contract, but is created by force of the Constitution and the statute. McDonald v. Thompson, supra. This contention is overruled.

The appellants assert that the banking commissioner has a right to enforce the individual liability of a stockholder in an insolvent bank so long as any of the debts of the insolvent corporation are unpaid, and, since the evidence showed that the debts of the insolvent bank to some of the depositors, particularly in the savings department, had not been paid at the time this suit was filed, the right to enforce such liability was not barred by limitation. It may be accepted as generally true that the banking commissioner's right to levy an assessment does not expire so long as any of the debts of the insolvent corporation are unpaid, but we are not here dealing with the right of the banking commissioner to levy an assessment. He levied an assessment to the full extent of his power in 1928. We are here dealing with the commissioner's right to maintain a suit to collect the assessment after it has been levied.

The banking commissioner levied the assessment on April 18, 1928, more than two years prior to the filing of this suit. However, it is asserted by appellants that no notice or demand for payment was made until March 7, 1932, and they here contend that limitation did not begin to run until demand for payment was made. It is generally recognized that limitation on such actions runs from the date the assessment is due and that the assessment is due when levied by the commissioner, unless otherwise ordered by him. McClaine v. Rankin, 197 U. S. 154, 25 S. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500; Rankin v. Barton, 199 U. S. 228, 26 S. Ct. 29, 50 L. Ed. 163; McDonald v. Thompson, 184 U. S. 71, 22 S. Ct. 297, 46 L. Ed. 437; Austin v. Proctor (Tex. Civ. App.) 291 S. W. 702. Notice or demand for payment is not

a necessary prerequisite to the fixing of liability or to the right to file such suit. Austin v. Campbell (Tex. Civ. App.) 210 S. W. 277; Chapman v. Hill (Tex. Civ. App.) 271 S. W. 250; Rankin v. Barton, supra; Brown v. Ellis (D. C.) 103 F. 834; Rankin v. Miller (D. C.) 207 F. 602, par. 10; McDonald v. Thompson, supra; Houston National Exchange Bank v. Chapman (Tex. Civ. App.) 263 S. W. 929; Harris v. Briggs (C. C. A.) 264 F. 726, 733. In this case the record does not contain a copy of the order of the banking commissioner levying the assessment, and we do not have the benefit of its terms for the purpose of determining what provision was made as to when the assessment was to be paid. However, on April 19, 1928, the next day after the assessment had been levied, the commissioner prepared and signed a notice to the stockholders in which it was recited that the bank had become insolvent, and that he had, on April 18, 1928, taken charge of the bank, and had levied an assessment of 100 per cent. against each stockholder. Said notice further provided:

"* * * And all such stockholders are hereby directed to pay to me at my office at Austin, Texas, or to the special agent appointed by me and in charge of the liquidation of The First State Bank and Trust Company of Waco, Waco, Texas, at his office in Waco, Texas, an amount equal to the par value of every and all shares of stock so owned or which were bona fide transferred within twelve months previous to the 14th day of April, A. D. 1928.

"In testimony whereof, Witness my hand and seal of office at Austin, Travis County, Texas, this the 19th day of April, A. D. 1928.
"James Shaw
"Banking Commissioner of Texas."

This notice disclosed the decision that had been reached by the commissioner as to when the assessment should be paid. It indicated clearly that the commissioner had determined, and so ordered, that the assessment should be paid at once, or at least within a reasonable time. Immediately after this notice was formally issued by the commissioner it was delivered by him to the new bank along with the assignment of the assessment, and was retained by the bank in its files until delivered to appellee on March 7, 1932. From this we think it clear that the assessment as levied was due and payable at once, and that limitation began to run from the date the assessment was levied.

▉ Lastly, the appellants insist that, since the suit is by the banking commissioner, who is the head of an executive department of the state government, and since limitation does not run against the government, it was error for the trial court to hold that the cause of action was barred by limitation.

It is generally true that limitation does not run against the state, unless otherwise expressly so provided. However, this action was not brought for the use or benefit of the state, but was brought for the use and benefit of the creditors of the insolvent bank, who were the real parties at interest. The general rule is that where the suit, although brought in the name of the government, is for the use and benefit of private citizens, the statutes of limitation apply in the same manner as though the suit had been brought in the name of the real parties at interest. United States v. Beebe, 127 U. S. 338, 8 S. Ct. 1083, 32 L. Ed. 121; United States v. Des Moines Navigation & Ry. Co., 142 U. S. 510, 12 S. Ct. 308, 35 L. Ed. 1099; Curtner v. United States, 149 U. S. 662, 13 S. Ct. 985, 1041, 37 L. Ed. 890; Eastern State Hospital v. Graves' Committee, 105 Va. 151, 52 S. E. 837, 3 L. R. A. (N. S.) 746, 8 Ann. Cas. 701. This contention is overruled.

We are of the opinion that the trial court properly sustained the plea of limitation. The judgment of the trial court is therefore affirmed.