**COWART v. RUSSELL et al.**

No. 1790.

Court of Civil Appeals of Texas. Eastland.

April 22, 1938.

Rehearing Denied May 13, 1938.

L. C. Counts, of Olney, and Lyndsay D. Hawkins, of Breckenridge, for appellant.

Conner & Conner, of Eastland, for appellees.

GRISSOM, Justice.

Defendant Russell was clerk of the district court of Eastland county in 1919 and 1920. During his tenure of office the case of Cowart v. Rust was tried in said court. On the trial an agreement was reached whereby Rust paid into the district court the sum of $2,000 in settlement of said suit, $666.65 thereof being for the benefit of the plaintiff herein, who was then a minor. The judgment directed the clerk of said court (Russell) to pay $666.65 to Mrs. Callie Cowart, for plaintiff, when she qualified as plaintiff's guardian. Mrs. Cowart never so qualified. The evidence is to the effect that the funds to which plaintiff was entitled were never paid to her, or any one else. The present suit was instituted by Cowart against Russell and the sureties on his official bond as district clerk; plaintiff alleged that Russell had embezzled and converted said sum of money so deposited with him as clerk. The purpose of the suit was to recover such sum, with interest, from said former clerk and his sureties, by reason of such defalcation.

Plaintiff's petition was filed January 17, 1936. The funds were deposited with the clerk in the Cowart-Rust case in January, 1920. When the money was paid into court plaintiff was a minor. He attained his majority on the 13th day of May, 1932. Thus, it appears that this suit was instituted more than two years, but less than four years, after the time plaintiff became 21 years of age. Russell ceased to be dis-

trict clerk in December, 1920. He was succeeded in office by Roy Nunnally. At the expiration of Russell's term of office as district clerk he did not turn said funds over to his successor, as required by article 2290. Russell's bond as district clerk was conditioned that he should "faithfully perform and discharge all the duties required of him by law as district clerk, aforesaid, and shall safely keep the records of his office * * *."

The court instructed a verdict for defendants. From a judgment for defendants, plaintiff has appealed.

Appellant, plaintiff below, contends that the controlling statute of limitations with reference to the alleged cause of action is the four-year statute of limitations. Article 5527, subd. 1. Defendants, appellees here, contend that the two-year statute of limitations is applicable. Article 5526, subd. 4, provides: "Actions for debt where the indebtedness is not *evidenced by* a contract in writing" shall be barred within two years after the cause of action shall have accrued.

Article 5527, provides, in part: "There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: 1. Actions for debt where the indebtedness is *evidenced by* or *founded upon* any contract in writing."

Hatcher v. State, 125 Tex. 84, 81 S.W.2d 499, 98 A.L.R. 1213, was a suit instituted by the state, on the relation of the trustees of certain common school districts, against Hatcher, State Treasurer, and the surety on his official bond, for negligent failure to collect checks remitted to him in his official capacity to pay off certain bonds issued by the plaintiff school districts. The checks sent to the State Treasurer were not promptly cashed, the bank in which the school funds were deposited closed its doors, and the deposits were lost by the school districts. The defendants there excepted to plaintiffs' petition because it disclosed the alleged cause of action was barred by the two-year statute of limitations. The exception was sustained. Plaintiffs appealed. The Court of Civil Appeals held the four-year statute of limitations applicable. 52 S.W.2d 794. The Commission of Appeals, in the respect mentioned, reversed the judgment of the Court of Civil Appeals and affirmed the judgment of the district court, holding the two-year statute of limitations applicable. Judge Smed-

ley, in an opinion adopted by the Supreme Court, stated the contention of the parties in this language (page 502): "The contention of defendants in error is that this article [article 5527] is the applicable statute because the suit is on the official bond of defendant in error Hatcher, while plaintiffs in error contend that the suit is barred by the two-year statute of limitations because it is an action for damages on account of alleged negligence of plaintiff in error Hatcher in the performance of official duties and not a suit on the bond, which is merely collateral security for the performance of those duties. The bond is conditioned in the language of the statute (article 4368) 'that he shall faithfully execute the duties of his office as State Treasurer.' "

The court held the question had been correctly determined in Phillips v. Hail, Tex.Civ.App., 118 S.W. 190. That case was a suit against a constable and the sureties on his bond to recover damages for the negligent taking by a constable of a defective claim bond. The condition of the constable's bond was "for the faithful performance of all the duties required of him by law." It was held that the action there alleged was barred by the two-year statute of limitations. The Commission of Appeals in the Hatcher Case quoted from said opinion the reason for the decision, as follows: " 'This is founded on the principle that an official bond is simply a collateral security for performing the officer's duty, and, when suit is barred for breach of his duty, action is also barred on the bond.' "

Judge Smedley also quoted from the opinion in Spokane County v. Prescott, 19 Wash. 418, 53 P. 661, 662, 67 Am.St.Rep. 733. Said case was a suit by a county against its treasurer and the sureties on his bond, the bond being conditioned that the county treasurer should "well, truly and faithfully perform all official duties now required of him." It was there held that the suit was barred by limitation because the cause of action did not "arise out of the bond."

"Manifestly, in conformity to well-recognized legal principles, no action can be maintained against the sureties unless the liability of the principal exists at the time of the commencement of the action. One of the duties of the treasurer required by the statute was the payment of the money in his possession belonging to the county to his successor in office. The liability

arose when he neglected or refused to make such payment. Certainly, the cause of action accrued at that date. The undertaking of the sureties was collateral security for the performance of the duties of their principal. The bond itself is security that an officer will discharge his duties. His failure to discharge them is a breach of a statutory duty. The bond does not impose any obligation upon him different from that created by the statute. If he had executed no bond, but had assumed the functions of the office, and collected moneys, the duty would still be imposed upon him to pay them over to his successor. The bond is collateral security, as set forth in Walton v. United States, 9 Wheat. 651, 656, 6 L.Ed. 182. * * *

"'If the bond be merely collateral security for the performance of the principal contract, and is not itself the original contract, then the question here in controversy is illustrated by reference to the rules controlling principal and suretyship. In states where a mortgage conveys the fee to the mortgagee, an action upon the mortgage is not barred, though the debt may be; but whereas in this state the mortgage creates a lien only, and is an incident to, and collateral security for, the debt, when the principal (the debt) is barred, no action can be maintained upon the mortgage itself (the collateral security for the debt). 2 Jones Mortg. (5th Ed.) § 1207; Van Eaton v. Napier, 63 Miss. [220] 222.'

"The decision last cited is made the basis for the rule thus stated in the text of Ruling Case Law:

"'And an action against the sureties on the bond of a county treasurer for his default in not paying over moneys received by him is not within that provision of a statute of limitations providing for actions on contracts in writing or arising out of written agreements, but is within the provision relating to contracts or liabilities not in writing and not arising out of a written instrument where the duties of the treasurer were fixed by law and not by his bond, and the liability sought to be enforced resulted from a breach of the duty imposed by statute and not by the bond.' 17 R.C.L. p. 724.

"The opinion in Ryus v. Gruble, 31 Kan. 767, 3 P. 518, 519, also cited by Judge Neill, contains the following:

"'As before stated, the wrongs committed by the defendant are the real and substantial foundations for the plaintiff's cause of action, and the sheriff's bond is virtually only a collateral security for the enforcement of such cause of action. The bond does not give the cause of action; the wrongs or delicts do; and the bond simply furnishes security to indemnify the persons who suffer by reason of such wrongs or delicts. * * * Whenever a cause of action is barred by any statute of limitations, the right to maintain an action therefor upon a bond which simply operates as a security for the same thing, must necessarily cease to exist. When the principal debt or cause of action fails, the security must also fail; and, as we have stated before, a sheriff's bond is simply a security, collateral to the main cause of action.'"

He also quoted from Hillman v. Gallagher, 103 Tex. 427, 128 S.W. 899, 900, as follows: "The cause of action in this case is both 'evidenced by and founded upon a contract in writing,' to wit, the statutory bond. *The bond states the conditions upon which the recovery may be had and promises to pay, in accordance with such conditions.* Without the bond there can be no recovery."

Judge Smedley then proceeds to distinguish the bond in Hillman v. Gallagher and the bond in the Hatcher Case, as follows:

"The difference between that case and the instant case is plain. There the suit was brought as the statute authorized it to be brought upon the very bond itself. The plaintiff had no cause of action without the bond. Here the cause of action does not arise out of and is not dependent upon the official bond. If the state treasurer owed the defendant a duty for the breach of which a cause of action would lie, the law imposed the duty, and the duty rested upon him regardless of the bond. The obligation sought to be enforced, if it exists, arises out of a breach of official duty, not out of the bond. *There is no statement in the bond of the state treasurer of the conditions upon which recovery may be had, and there is no promise in the bond to pay in accordance with such conditions.* The bond, which is phrased in the same general terms as those contained in the statute, merely affords security for the faithful performance of the official duties. It seems clearly apparent, therefore, that the action is not *founded upon* the bond.

"Nor is the action *evidenced by* the bond. *The bond contains no statement of what the duties of the treasurer are, and no promise that he will make payment of any*

*particular funds or amount to any certain person. The duties of the state treasurer are found in the statutes. There is no evidence, not even a recital, of them in the bond.* Proof of the existence of a duty to defendants in error, of the breach of that duty, and of damages suffered by the breach, must be made by evidence outside of the bond."

The only applicable provision of the district clerk's bond is that he "shall faithfully perform and discharge all the duties required of him by law as district clerk." A suit for conversion of the funds deposited with the district clerk in the Cowart-Rust case is a suit for breach of the clerk's statutory duty. It cannot be said that the debt or damages sued for are "evidenced by" or that the cause of action asserted is "founded upon" the district clerk's bond, which would be true were the four year statute of limitations applicable. Applying Judge Smedley's language in the Hatcher Case to the facts of the instant case it may as appropriately be here said:

"There is no statement in the bond of the [district clerk] of the conditions upon which recovery may be had, and there is no promise in the bond to pay in accordance with such conditions. * * * It seems clearly apparent, therefore, that the action is not founded upon the bond.

"Nor is the action evidenced by the bond. The bond contains no statement [relative to the matters here under consideration] of what the duties of the (district clerk) are, and no promise that he will make payment of any particular funds or amount to any certain person. The duties of the [district clerk] are found in the statutes. There is no evidence, not even a recital, of them in the bond."

As stated, it was the statutory duty of the district clerk to deliver to his successor in office the funds belonging to Cowart. Article 2290. This he failed to do. His successor qualified in December, 1920. Plaintiff's cause of action then accrued. The period of limitation would then have begun to run, but for plaintiff's minority. 28 Tex.Jur. 238. Plaintiff having instituted the present suit more than two years after he attained his majority, and long after his cause of action accrued, we think, under the decision in the Hatcher Case, plaintiff's cause of action was barred by the two-year statute of limitations. 28 Tex.Jur. 34, p. 114; Shaw v. Bush, Tex. Civ.App., 61 S.W.2d 526, error refused.

The district court, therefore, did not err in instructing a verdict for defendants.

The opinion in the Hatcher Case is the first decision by our Supreme Court of the question there and here involved. The opinions in said case overrule some of the decisions relied upon by appellant Cowart. They point out the fact that in some cases decided by the Courts of Civil Appeals to the contrary, and relied on by appellant, though writs of error were refused, the question decided in the Hatcher Case was not presented in the applications for writs of error.

Also see Aetna Casualty & Surety Co. v. State, Tex.Civ.App., 86 S.W.2d 826; Tarrant County v. Prichard, Tex.Civ.App., 89 S.W.2d 1028.

We have concluded that the decision in the Hatcher Case is decisive of the instant case and requires an affirmance of the judgment of the district court. This conclusion precludes the necessity of consideration of other questions presented by defendants such as the contention that defendants are not liable for the reason that the funds were paid to the district clerk without previous order of the court authorizing such deposit.

(Italics in the opinion are ours.)

The judgment is affirmed.