J. T. COWART V. JOHN A. RUSSELL ET AL.

No. 7553. Decided November 13, 1940.
Rehearing overruled December 18, 1940.
(144 S. W., 2d Series, 249.)

*Lindsay Hawkins,* of Breckenridge, and *L. C. Counts,* of Olney, for plaintiff in error.

It appearing from the evidence that the amount in controversy in this suit was deposited with the district court of Eastland County, during his term of office for the benefit of plaintiff, and that said sum had never been paid to him or to anyone authorized to receive it for him, and that said sum had not been transferred to his successor in office, and that plaintiff had filed his suit to recover said amount in less than four years after reaching the age of twenty-one (he being a minor at the time said deposit was made) it was error for the court to instruct a verdict against said plaintiff. Scott v. Scott, 170 S. W. 273; Texas Pac. Coal & Oil Co. v. Ames, 284 S. W. 315; Harllee v. State, 18 S. W. (2d) 1091.

*Conner & Conner,* of Eastland, for defendants in error.

*L. K. Frickstad* and *Allen Wight,* both of Dallas, filed brief as amici curiae.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The parties will be designated in this opinion as in the trial court. The Court of Civil Appeals has made a very accurate statement of the material facts, which statement is as follows:

"Defendant Russell was clerk of the district court of Eastland county in 1919 and 1920. During his tenure of office the case of Cowart v. Rust was tried in said court. On the trial an agreement was reached whereby Rust paid into the district court the sum of $2,000 in settlement of said suit, $666.65 thereof being for the benefit of the plaintiff herein, who was then a minor. The judgment directed the clerk of said court (Russell) to pay $666.65 to Mrs. Callie Cowart, for plaintiff, when she qualified as plaintiff's guardian. Mrs. Cowart never so qualified. The evidence is to the effect that the funds to which plaintiff was entitled were never paid to her, or any one else. The present suit was instituted by Cowart against Russell and the sureties on his official bond as district clerk, plaintiff alleging that Russell had embezzled and converted said sum of money so deposited with him as clerk. The purpose of the suit was to

recover such sum, with interest, from said former clerk and his sureties, by reason of such defalcation.

"Plaintiff's petition was filed January 17, 1936. The funds were deposited with the clerk in the Cowart-Rust case in January, 1920. When the money was paid into court plaintiff was a minor. He attained his majority on the 13th day of May, 1932. Thus, it appears that this suit was instituted more than two years, but less than four years, after the time plaintiff became 21 years of age. Russell ceased to be district clerk in December, 1920. * * * Russell's bond as district clerk was conditioned that he should 'faithfully perform and discharge all the duties required of him by law as district clerk, aforesaid, and shall safely keep the records of his office * * *.'

"The court instructed a verdict for defendants."

The Court of Civil Appeals affirmed the judgment of the district court. 116 S. W. (2d) 888. Its judgment was based upon the holding that the cause of action was barred by the two years statute of limitation (Art. 5526, subd. 4, R. S. 1925). In reaching this conclusion the Court of Civil Appeals followed the decision of the Supreme Court in Hatcher v. State, 125 Texas 84, 81 S. W. (2d) 499.

In the Hatcher case it was held that an official bond is "a collateral security for performing the officer's duty, and, when suit is barred for breach of his duty, action is also barred on the bond." It was therefore held that action upon a bond such as was there involved was subject to the bar of the two years statute. That decision was not only in accord with the great weight of decisions, but has been followed in subsequent cases.

In the case of Tarrant County v. Prichard et al, 89 S. W. (2d) 1028, a suit against a justice of the peace and the surety on his official bond was held to be barred in two years.

The case of Aetna Casualty & Surety Co. v. State, 86 S. W. (2d) 826, involved a suit against a district clerk and the surety on his official bond. The suit was on behalf of the State to recover a sum of money paid into the treasury of the court, as in the present suit. Upon authority of the Hatcher case, the action was held to be barred by the two years statute. Judgment in favor of the State was reversed and judgment rendered in favor of the surety. Application for writ of error was dismissed, but the holding upon the question of limitation was necessarily approved.

■ The soundness of the holding in the Hatcher case is apparent when the matter is viewed from a somewhat different angle. The

four years statute of limitation (Art. 5527, subd. 1, R. S. 1925) has relation to "actions for debt where the indebtedness is evidenced by or founded upon any contract in writing." It is well settled that "in order for an action to be one for an indebtedness evidenced by or founded upon a contract in writing, as referred to in the above quoted statute, the action must be between the immediate parties to the contract, or those for whose benefit it was made, or their privies, and the written instrument relied upon must *itself* contain a *contract* to do the thing for the non-performance of which the action is brought." Shaw v. Bush, 61 S. W. (2d) 526 (Writ. ref.). Also authorities there cited, especially McDonald v. Thompson, 184 U. S. 71, 46 L. Ed. 437. The obligation of the bond in this instance was that Russell should "faithfully perform and discharge all the duties required of him by law as district clerk, aforesaid, and shall safely keep the records of his office." It is readily seen that this does not within itself create a contract to do more than perform his official duties. Obligations created by statute are subject to the bar of the two years statute of limitation. Shaw v. Bush, supra; Rose v. First State Bank, 122 Texas 298, 59 S. W. (2d) 810.

Herein is found a distinction between the present case and the cases of Throckmorton County v. Thompson, 131 Texas 543, 115 S. W. (2d) 1102, and McKinney v. Robison, 84 Texas 489, 19 S. W. 699. Those cases involved actions upon the official bond of a county treasurer. Under Article 1704 of the Revised Statutes of 1925 the bond required of a county treasurer is conditioned that "such treasurer shall faithfully execute the duties of his office and *pay over according to law all moneys which shall come into his hands as county treasurer, and render a true account thereof to said court at each regular term of said court.*" It is thus seen that such a bond not only contains an obligation to "faithfully execute the duties of his office," but contains within itself a contract to do certain things, the non-performance of which may become the basis of a cause of action. In such a case manifestly the four years statute of limitation would govern. Upon this basis it becomes easy to reconcile apparent conflicting decisions.

■ We are of the opinion that Article 2290 in no way changes the result. Upon its face that article pertains to money or property deposited in court "during the progress of any cause, to abide the result of any legal proceeding." Besides, that article clearly recognizes a difference between the duties prescribed therein and the general official duties of the officer, the performance of which is secured by his official bond. It will be

noted that under Article 1994 dealing with actions brought by next friend of a minor there is no affirmative duty placed on the district clerk with reference to money deposited in the treasury of the court. Therefore, no obligation concerning same could be read into the bond. The only statutory provision with reference to what shall be contained in the official bond of a district clery is that prescribed in Article 1897, R. S. 1925, to the effect it shall be "conditioned for the faithful discharge of the duties of his office." There is nothing in such a bond which within itself may constitute the basis of a cause of action other than one based upon the failure of the clerk to perform his official duties; and this is barred by the two years statute.

For the reasons herein stated the judgment of the Court of Civil Appeals affirming the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court November 13, 1940.

Rehearing overruled December 18, 1940.