### HESTER & WISE v. CHINN.

#### No. 11342.

Court of Civil Appeals of Texas.   Galveston.
March 12, 1942.

Rehearing Denied March 26, 1942.

"Loan". The endorsements on the check are as follows, and in this order: "Hester & Wise, for deposit, Paul E. Wise, trustee". "Dec. 2, 1935, Paid through Houston Clearing House, Prior Endorsements guaranteed, National Bank of Commerce."

The facts, as found by the jury in response to special issues, are these:

(1) That appellants on November 30, 1935, at the time the check was delivered by appellee to them, agree to repay him the $4,000. (2) That on the same day the check was delivered, appellee, appellants and others were parties to a joint venture to develop for oil the Cedar Lane Lands in Matagorda County. (3) That the loan was not made to the joint adventure. (4) That it was not agreed at the time the check was delivered that appellee should have the option either of being repaid out of sales of acreage or interests in the Cedar Lane project, or of leaving the money as an investment in the joint adventure.

Appellants seasonably filed motion for judgment notwithstanding the verdict, but the court rendered judgment for appellee on the verdict.

Appellants' appeal is predicated upon the following points:

1. Appellee's cause of action was not founded on a contract of writing, Art. 5526, Section 4 (two-year statute of limitation), was applicable thereto.

2. The jury's answer to special issue No. 1 is against the great weight and preponderance of the evidence.

3. The court erred in refusing to give appellants' requested special issue No. 2.

4. The court erred in failing to submit to the jury, affirmatively, a correct issue suggested by appellants' requested special issue No. 2.

We overrule appellants' first point. The instrument in writing sued on by appellee is so complete that, except for appellants' pled-defense and evidence given in support thereof (the nature of which is sufficiently indicated by the jury's findings), appellee would have been entitled to judgment thereon after proving the delivery of the check, the endorsement thereon, and the fact that it was duly honored by the bank drawn on. The obligation of appellants to repay the loan was not one "implied by law" as that term is usually employed; that is to say appellants' obligation to repay the loan did not arise out of

Fulbright, Crooker, Freeman & Bates, of Houston (W. N. Arnold, Jr., of Houston, of counsel), for appellants.

Roy L. Arterbury, of Houston, for appellee.

CODY, Justice.

This is a suit which was instituted on August 2, 1939, by appellee to recover money in the sum of $4,000 (less a credit of $500) which he alleged he loaned to appellants on November 30, 1935.

The principal question in the case is whether the instrument sued on does itself contain a contract for appellants to repay to appellee so as to make the four-year statute of limitation applicable.

The written instrument sued on consists of a check, dated November 30, 1935, drawn by appellee on the South Texas Commercial Bank of Houston, for the sum of $4,000, payable to the order of appellants. On the face of the check, in the lower left-hand corner, appellee had written the word

quasi contract, but out of true contract. When appellee made the loan and appellants accepted it, in virtue of that transaction appellee was the lender and appellants the borrowers; appellee was the creditor, and appellants the debtors. The obligation of a borrower or debtor to repay the money lent him is not a quasi contract obligation, but a true contract obligation. The word loan embodies the concept that the one who accepts it will repay it. If the money is accepted on any understanding between the parties other than that it is to be repaid, it is a gift or some character of transaction other than a loan. The parties do not have to write into a loan transaction in so many words that the borrower agrees to repay it, because the parties by voluntarily assuming a creditor-debtor status or relation to each other, with reference to the money lent, agree that this shall be done, and words are unnecessary to be expressly written, where the transaction is in writing. The obligation of an endorser is not one resting in quasi contract, but by voluntarily assuming the status of an endorser, the endorser voluntarily assumes the obligations attached to being an endorser. In this connection, see Guaranty Bond State Bank of Athens v. Fraternal Bank and Trust Company, Tex.Civ.App., 68 S.W.2d 305, at pages 306 and 307.

■■■ As stated in Cowart v. Russell, 135 Tex. 562, 565, 144 S.W.2d 249, 250: "It is well settled that 'in order for an action to be one for an indebtedness evidenced by or founded upon a contract in writing, as referred to in the above quoted statute [i. e., Article 5527, Subd. 1], the action must be between the immediate parties to the contract, or those for whose benefit it was made, or their privies, and the written instrument relied upon must *itself* contain a *contract* to do the thing for the nonperformance of which the action is brought.' Shaw v. Bush, Tex.Civ.App., 61 S.W.2d 526, 528, writ refused." (*Emphasis that of the Supreme Court* speaking through the Commission of Appeals). The transaction here sued on qualifies under the authority cited; the suit is by the immediate parties thereto, and the written instrument sued on does itself contain the contract to repay the money borrowed, for the nonperformance of which the suit is brought.

■■ We have carefully considered the appellants' second point. The theory of appellee is that he made the loan to appellants personally, whereas the theory of appellants is that he made the loan to them in connection with a joint adventure, and was to be repaid only out of money realized therefrom. The fact that the check was endorsed "Hester and Wise, for deposit, Paul E. Wise, trustee," does not prove up appellants' theory. So long as the endorsement of the payee's name in a check is restricted to "for deposit", it matters not who signs the endorsement, the bank where payee keeps a deposit is authorized to deposit it to the payee's credit. Without detailing the evidence we have concluded that the jury's verdict, on special issue No. 1, is not against the preponderance of the evidence.

■ Appellants' requested special issue No. 2, which they complain in their third point the court refused to give, is this: "Do you find from a preponderance of the evidence that at any time after the money was turned over by plaintiff to defendants, it was agreed between plaintiff and defendants that plaintiff was to be repaid solely out of the sales of acreage or interest in the Cedar Lane project, or of leaving such money in such project as an investment, or getting part of such money back from the sales of acreage or interest and leaving the balance in such enterprise as an investment, as plaintiff might elect?"

Since it is apparent that it is not claimed that the agreement for releasing appellants from personal liability (which was claimed by appellants to have been made sometime subsequent to the making of the loan) was based upon consideration, it was not error for the court to refuse to give said special issue, nor one suggested thereby. Appellants' third and fourth points are accordingly overruled.

No reversible error being apparent in the record, nor shown by appellants, it is accordingly ordered that the judgment of the trial court be affirmed.

Affirmed.