## KERBY et al. v. COLLIN COUNTY.

### No. 13926.

Court of Civil Appeals of Texas. Dallas.

May 28, 1948.

Moses & Truett, of McKinney, for appellants.

Boyd & Whitwell, of McKinney, for appellee.

LOONEY, Justice.

The appellant, Alta Brown Kerby, joined by her husband, sued Collin County to recover unpaid salary claimed to be due her

for services rendered as County Treasurer. From an adverse judgment this appeal was prosecuted.

The case was submitted on an agreed statement of facts, the most material of which are these: On May 1, 1943, the Commissioners' Court of Collin County appointed Mrs. Kerby to fill out the unexpired term of the elected treasurer who had resigned. To this appointment Mrs. Kerby immediately qualified and entered upon the discharge of the duties of the office, all of which is revealed by the records, or minutes of said court. During the tenure of Mrs. Kerby, under the provisions of the general statute, Vernon's Ann.Civ.St. art. 3943, she would have been entitled to $2,000 per annum compensation, payable in equal monthly installments. However, at the time of her appointment there existed a special Act of the Legislature, Vernon's Ann.Civ. St. art. 3912e, § 13(c), applicable to Collin County, purportedly authorizing the Commissioners' Court to fix a lesser salary. So the court, assuming to act under this special provision, fixed her salary at $600 per annum, payable in monthly installments of $50 each for the remaining eight months of 1943; and for 1944 fixed her salary at $900 per annum, payable in monthly installments of $75. Mrs. Kerby served throughout the unexpired period for which her predecessor had been elected and was paid the salaries as fixed by the Commissioners' Court under this special Act; which being held unconstitutional, it followed that the action of the Commissioners' Court thereunder in fixing the salary of County Treasurer at a lesser amount than prescribed by statute, was futile and void. So on February 10, 1947, Mrs. Kerby presented to the Commissioners' Court of Collin County her claim demanding payment of the difference between the salary allowed by statute and the salary actually paid as heretofore stated. Her claim was rejected by the court on April 14, 1947, which was followed by the institution of the present suit, April 18, 1947.

The trial court adopted as his findings of fact the agreement and stipulation of facts of the parties, paragraphs 11 and 12 of which read as follows: (11) "The only question before this court is: whether the claim of Alta Brown Kerby is governed by the two-year statute of limitations or by the four-year statute of limitations." (12) "It is further stipulated and agreed that in the event the court finds that the claim of Alta Brown Kerby is governed by the four-year statute of limitations and that she is thereby entitled to judgment that she have judgment for and in the sum of $116.66 per month for each and every month from May 1, 1943, through December 31, 1943, together with interest at the rate of 6% per annum upon each of said amounts from and after the date same became due and payable to plaintiff in her official capacity as County Treasurer of Collin County, Texas, and for the sum of $91.66 for each and every month during the year 1944, together with interest thereon at the rate of 6% per annum from and after the time such amount became due and payable."

The court then concluded as a matter of law that "The claim of Alta Brown Kerby is governed by the two-year statute of limitations. Therefore, plaintiffs should not recover herein, but judgment should be rendered for the defendant." And judgment was rendered accordingly.

As provided by statute, Art. 5527, Vernon's Ann.Civ.Sts., claims barred within four years after the cause of action accrues, among others, include "Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing."

In the early case of Texas Western Ry. Co. v. Gentry, 69 Tex. 625, at page 630, 8 S.W. 98, 101 our Supreme Court in an opinion by Judge Gaines, said: "It is held in several cases that a resolution of the board of directors, or other lawfully constituted governing body, of a corporation, duly entered upon their minutes, and signed by the proper officers, if intended as the completion of a contract, is a memorandum in writing as required by the statute of frauds, and that, as such, it can be lawfully enforced." And further in the opinion, 69 Tex. at page 631, 8 S.W. at page 101, he said: "If a resolution duly entered and signed be a writing under the statutes of frauds, it must be a contract in writing within the meaning of the statute of limita-

tions, where it shows upon its face that it is intended as the final acceptance of a previous agreement."

As the Supreme Court made no distinction between the action of governing bodies of private corporations and the action of governing bodies of cities and towns or commissioners' courts, we must assume that the rule announced was intended by the court to be applicable to all such; and judging from expressions found in different opinions and in text books devoted to Texas law, that idea seems to have generally persisted.

The case of City of Desdemona v. Wiley, Tex.Civ.App., 262 S.W. 185, 186, involved these facts: Three aldermen of the City, at a special session, signed a paper stating that "J. W. Wiley has this day been appointed Chief of Police of the City of Desdemona at a salary of $200 per month." The trial court held that this constituted a written contract within the meaning of the four-year statute of limitations; however, the Court of Civil Appeals disagreed and through Judge Higgins, said: "This instrument at best was nothing more than a commission and evidence of Wiley's authority, and in no sense a contract. However, if the order of appointment was valid, the record thereof upon the minutes of the council was perhaps sufficient as a written contract (citing Texas Western Railway Co. v. Gentry, 69 Tex. 625, 630, 8 S.W. 98) and the four-year statute would apply." This expression obviously was based on the idea that the board of aldermen could only speak through the minutes of the body as the result of joint action, and not by the unrecorded acts of certain members of the body.

In Smith Detective Agency, etc., v. Town of Highland Park, Tex.Civ.App., 5 S.W.2d 598, 599, this Court, among other things, said: "In the case of Texas Western Railway Co. v. Gentry, 69 Tex. 625, 631, 632, 8 S.W. 98, the doctrine was announced that a resolution adopted by the lawfully constituted governing body of a corporation, if intended as the completion of a contract, constitutes such a memorandum in writing as satisfies the statute of frauds and also the statute of limitations. Also see Re-public Supply Co. v. Waggoner, Tex.Civ. App. 283 S.W. 537. This doctrine applies to the action of commissioner's courts (see Gano v. Palo Pinto County, 71 Tex. 99, 102, 8 S.W. 635), and on principle no reason appears why it is not equally applicable to the action of governing bodies of cities and towns."

In Colonial Trust Co. v. Hill County, 27 S.W.2d 144, 148, the Commission of Appeals, through the dissenting opinion of Justice Stanford adopted by the Commission, among other things, said: "The order of the commissioners' court of February 28, 1919, duly recorded in the minutes of said court, reciting the offer of the Avery Company to sell the tractors to appellant, and reciting appellant's unqualified acceptance of said offer and directing that payment be made therefor out of the funds of appellant county, constituted a contract of purchase, evidenced by said order, and parol evidence was not admissible to show said acceptance was not as it recites, but was conditional—conditioned upon certain terms of payment." Citing numerous authorities. And in 28 Tex.Jur. p. 116, sec. 36, we find the following text with citation of supporting authorities: "If intended as the completion of a contract, a resolution or ordinance of the governing body of a city or town, or an order of a commissioners' court, constitutes an instrument in writing within the meaning of the statute of limitations."

▮▮ The minutes of the Commissioners' Court of Collin County showing Mrs. Kerby's appointment and her immediate acceptance and qualification, in our opinion evidenced a completed transaction. The written evidence need not have been comprised in a single document, but could consist of several in combination (20 Tex.Jur. p. 308, sec. 100); nor does the statute require that all the undertakings assumed be set out in the memorandum (Morrison v. Dailey, Tex.Sup., 6 S.W. 426; Simpson v. Green (by the Commission), 231 S.W. 375; Cantrell v. Brannon, Tex.Civ.App., 16 S.W. 2d 400, 402. Nor was it required that the consideration for the undertaking, that is, the salary to be paid, be stated in the memorandum, as same was included by impli-

cation and could be shown otherwise. 20 Tex.Jur. p. 315, sec. 105.

So we conclude that the indebtedness sued for by appellants is and was evidenced by and founded upon a contract or memorandum in writing within the meaning of the four-year statute of limitations.

However, appellee earnestly combats appellant's contention and the correctness of the idea just expressed by us; and in this contention appellee is reinforced by an opinion of the Attorney General written by an assistant, in which a different conclusion was reached as follows: The Attorney General said: "An appointment by a Commissioners' Court of a County Treasurer to fill an unexpired term which is entered of record on the minutes of said court does not constitute a contract in writing, and the two-year statute of limitations is applicable to a claim for certain salary items (Art. 5526, V.C.S.)."

This opinion of the Attorney General in its entirety has been incorporated in appellee's brief and constitutes its main contention that the judgment below should be affirmed. While the opinion of the Attorney General is entitled to, and has received at our hands, respectful consideration, yet it is only persuasive and not in any sense an authority to be followed by the courts. We respectfully submit that the opinion is based upon an erroneous assumption, that is, the assumption is made with reference to the question of limitation under consideration, that there is no difference between the status appellant occupies before the court and what it would have been, if, under similar circumstances, she, as the elected Treasurer, had sued for unpaid salary. This, we think, is apparent, as the opinion of the Attorney General calls attention to Art. 3030 of the statute that requires the Commissioners' Court to open election returns, estimate the result and record the state of the polls in each precinct in a book to be kept for that purpose; also calls attention to the provision of Art. 3032 requiring the County Judge, after an estimate of the result of the election has been made, to deliver to the candidate for whom the greatest number of votes has been polled, a certificate of election, etc.

And, based upon these considerations, the Attorney General concludes that "In our opinion, this constitutes as much of a written instrument as the minutes of the Commissioners' Court appointing a person to fill a vacancy. This may be construed as analogous to the minutes of the Commissioners' Court in appointing a person to fill a vacancy in office, and clearly does not constitute an instrument in writing that would have the effect of a written contract."

After thus referring to the statute and drawing the conclusion as just stated, the Attorney General cites, among others, the following authorities, 28 Tex.Jur. p. 116, sec. 36, which in part states: " * * * Nor does a general law of a city fixing the salary attached to an office and regulating the fees to which an officer is entitled constitute a contract between the city and an officer who performed services pursuant to the ordinance * * *." Also cites and quotes from City of Houston v. Stewart, 40 Tex.Civ.App. 499, 90 S.W. 49, at page 54, where the court said: " * * * We think it clear that the fact that commissions claimed by an officer were earned under a general law fixing the compensation for the services rendered does not make the suit for such commissions one upon a written contract, and the trial court correctly held that the two-year statute of limitation applied to defendant's claim for said commissions." We think it obvious that it was from these considerations that the Attorney General reached his conclusion.

We agree that a statute or ordinance fixing salary or fees of office, standing alone, cannot be made the basis of a contract within the meaning of the four-year statute of limitations. However, we do not think that rule is applicable to the instant case. With regard to this question of limitation, we think the difference in the status before the court of an elected officer from that of an appointed officer, lies in the difference in method and procedure prescribed for selecting these officers. The elected officer is chosen and authorized by the individual voters at the ballot box, and the duty required of the Commissioners' Court in ascertaining and announcing the result is not contractual in nature, but purely min-

498

isterial; whereas, in appointing an officer to a vacancy, the court exercises its own discretion, makes the selection and authorizes the selectee to act, and is required to keep a record in its minutes of such proceedings. See Art. 2349, R.C.S.

We have reached the conclusion that the court below erred in holding that the indebtedness claimed by the appellants was barred by the two-year statute of limitation and in rendering judgment against them. Therefore, the judgment is reversed and judgment here rendered in favor of appellants against appellee for the amount with interest, as stipulated in paragraph 12 of the agreed statement heretofore set out, together with costs of suit.

Reversed and rendered.