A. A. LANDER, Appellant,

v.

E. E. BOYKIN et al., Appellees.

No. 7337.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 28, 1961.

Spencer C. Relyea, III, Burford, Ryburn & Ford, Dallas, for appellant.

Thomas J. Cook, Cook & Booth, Dallas, C. B. Stanley, Houston, for appellees.

CHADICK, Chief Justice.

This is a suit for the unpaid balance due under the terms of a contract. The trial court entered judgment for such balance and an attorney fee. The judgment is affirmed.

The appellees, E. E. Boykin and Clifton Burleson, doing business as Perma-Top Paving Company, brought this suit in a District Court of Dallas County against A. A. Lander, the appellant. As plaintiffs in the trial court, Boykin and Burleson plead and relied for recovery upon a written contract for spreading base material and asphalt topping on a parking lot connected with Lander's business establishment. Lander, as one of his several defenses, interposed the two year statute of limitations, Sec. 4, Art. 5526, Vernon's Tex.Civ.St.; pleading the written instrument relied upon by Boykin and Burleson was insufficient as a matter of law to constitute a contract in writing. It is conceded by all parties that the suit was filed more than two and less than four years after accrual of the cause of action, and suit on the claim would be barred unless the claim is evidenced by or founded upon a contract in writing coming within the ambit of the four year limitation statute, Sec. 1, Art. 5527.

A jury trial was had, and on the basis of jury answers to the special issues submitted the trial court awarded Boykin and Burleson $4,571.00 with interest from the date their claim accrued and an attorney's fee of $1,000.00, together with the costs, etc. Lander has briefed two points of error. The first concerns the trial court's failure to sustain his limitation defense; the second

asserts an attorney fee was erroneously allowed.

The terms of the written instrument relied upon by Boykin and Burleson as a contract was proven by secondary evidence. A carbon copy of the instrument was introduced and evidence was offered that the original had been delivered to Lander. The original could not be produced. After examination of the signature appearing upon the copy, Lander conceded that he signed it. This copy was forwarded as an original exhibit to this court. What appears to have been handwritten insertions are illegible in certain instances. The following is a practical reproduction of the instrument:

Houston 5, Texas

Date April 26, 1953

Name   Mr. A. A. Lander
Address ——————— Phone ————
Site Grading        Yes
Hauling & Loading    Yes
Fill Material        None
Culverts             None
Clearing
Base Material    5" of C/S fill
Watering & Rolling      Yes
Topping Material    1" A.S. Topping
Equipment Rental
Miscellaneous Topping for Concrete @ 60
    per
Total Sq. Yds. (Illegible) @ 1.70
Total for Job (Illegible)
Remarks:  Work will start when notified
    by Mr. Dave Wharton

Perma-Top Paving Company
By E. E. Boykin

A. A. Lander
Customer Accepted

The signed instrument used the term 'customer' to describe Lander, thereby indicating he was a buyer or purchaser, and as such 'accepted' and agreed to buy 'work [that] will start when notified by Mr. David Wharton', such work including 'site grading', 'hauling and loading', 'watering and

rolling' '5" of C/S fill material', '1" A.S. topping.' Parol evidence was admitted to explain the terms used in the instrument and to prove part of the agreement that is not legible on the copy introduced. This evidence showed that 'C/S' meant concrete stabilized shell; 'A.S. Topping' meant asphalt surface topping, and 'topping for concrete @ 60¢ per' meant topping on existing concrete pavement was to be done @ 60¢ per square yard. Other parol evidence was admitted showing that the written agreement provided for payment to be made on the basis of the square yardage laid at the rates indicated. That is, that the work done in making the concrete stabilized fill and paving, except over existing concrete slab, was to be paid for at the rate of $1.70 per square yard, and the topping over existing concrete @ 60¢ per square yard. Although some ambiguity as to other terms and provisions may exist, the instrument construed as above has all the essential elements of a contract. The contract, simply rendered, obligates one party to do some work of a certain nature, and obligates the other party to pay for the work on the basis of the square yardage of paving done.

The appellant's basic contention is that the written instrument thus construed did not purport to show an important provision of the agreement actually made by the parties; that is, the area and square yardage to be paved. The error Landers asserts is not that secondary evidence was inadmissible but that proof of these contractual provisions rests in parol. He thus reaches the final conclusion that as these contractual obligations respecting quantity and place are not evidenced by a written contract, Sec. 4, Art. 5526 is a bar to prosecution of the suit as the action is for debt not evidenced by a contract in writing.

In Shaw v. Bush, Tex.Civ.App., 61 S.W. 2d 526, 528, w. r., it is said that a written instrument subject to the provision of Sec. 1, Art. 5527 must " * * * contain a contract to do the thing for the non-performance of which the action is brought." This

requirement was approved in Cowart v. Russell et al., 135 Tex. 562, 144 S.W.2d 249, and Hatcher et al. v. State et al., 125 Tex. 84, 81 S.W.2d 499, 98 A.L.R. 1213. A majority of the Supreme Court in International Printing Pressmen & Assistants' Union of North America v. Smith, 145 Tex. 399, 198 S.W.2d 729, 736 stated the rule in this language:

"It has been held in this State that 'in order for an action to be one for an indebtedness evidenced by or founded upon a contract in writing, as referred to in the above quoted statute * * * the written instrument relied upon must itself contain a contract to do the things for the nonperformance of which the action is brought.' * * * However, it is not indispensable that the written instrument relied upon contain an express promise to do the things for the nonperformance of which the action is brought. It is sufficient if the obligation or liability grows out of a written instrument, not remotely but immediately, or if the written instrument acknowledges a state of facts from which, by fair implication, the obligation or liability arises. And while parol evidence is not admissible to establish the promise it is admissible to show performance on the part of the plaintiff and a breach on the part of the defendant."

The Texas Courts have not had occasion to discuss in detail the meaning of the language "evidenced by or founded upon any contract in writing" as used in Sec. 1, Art. 5527. But in the last case cited the Supreme Court of Texas quoted with approval the language used by the Supreme Court of Utah in Bracklein v. Realty Insurance Company, 95 Utah 490, 80 P.2d 471, 476, wherein it discussed a similar statute and said:

" * * * 'a cause of action is "founded upon an instrument in writing" when the contract, obligation, or liability grows out of written instruments, not remotely or ultimately, but immediately.' * * * that if the fact

of liability arises or is assumed or imposed from the instrument itself, or its recitals, the liability is founded upon an instrument in writing. If the instrument acknowledges or states a fact from which the law implies an obligation to pay, such obligation is founded upon a written instrument within the statute. If the writing upon its face shows a liability to pay, such liability is on a written instrument within the statute of limitations. So, also, is an action in which the instrument in writing itself contains the contract or promise to pay or do the thing, to compel the doing of which the action is brought. The promise must arise directly from the writing itself and be included in its terms. An obligation being established by a writing, a promise to pay or to perform is implied. By necessary inference of law and fact such promise is embodied in the language of the writing although it may not be expressed in words."

The claim of the appellees, Boykin and Burleson is one that grows out of and is founded upon a contract in writing as that term is used in Sec. 1, Art. 5527, although resort to parol evidence must be made to prove the place where the work was done and the compensation earned by performing according to the contract's terms. It follows that the action is not barred by the provisions of Sec. 4, Art. 5526. No Texas case with a similar fact basis has been cited, but the conclusion expressed finds support in the expressions and reasoning of several cases, such as Kerby et al. v. Collin County, Tex. Civ.App., 212 S.W.2d 494, 3 A.L.R.2d 804, n. w. h.; Ferguson v. Parker, Tex.Civ.App., 176 S.W.2d 768, refused, w. o. m.; Hester and Wise v. Chin, Tex.Civ.App., 162 S.W.2d 450, n. w. h.; Smith v. Continental Supply Company, Tex.Civ.App., 283 S.W. 1082, n. w. h.

In another jurisdiction it was held that parol evidence was admissible to show the quantity of goods purchased and the price thereof in a suit upon a written contract which provided that the seller would sell to the buyer reasonable quantities of its products at current wholesale prices, and the buyer agreed to buy upon such terms. See W. T. Rawleigh Co. v. Graham et al., 4 Wash.2d 407, 103 P.2d 1076, 129 A.L.R. 596. The expressions of the several Texas cases cited herein, though dicta in some instances, seem to be in harmony with the conclusions stated in 129 A.L.R. where it is said:

(p. 606) "The courts have generally held the statute of limitations pertaining to written contracts, writings for the payment of money or property, or other writings concerning contracts, is applicable where the necessity of introducing evidence dehors the written contract sued upon is merely to show performance of the contract on the part of the Plaintiff, and a breach on the part of Defendant. * * *

(p. 611) "The necessity of introducing evidence extrinsic to a written contract to establish the amount of money to which the Plaintiff is entitled under such contract, where there appears from the written contract an obligation of the Defendant to pay money of some amount, conditionally, or unconditionally, does not render inapplicable a statute of limitations pertaining to written contracts or writings for the payment of money."

The allowance of an attorney fee was proper, as Art. 2226 authorizes the recovery of reasonable attorney fees in a suit upon a claim of the nature of that asserted here. See Langdeau v. Bouknight, Tex., 344 S.W.2d 435; Ferrous Products Co. Inc. v. Gulf States Trading Co., Inc., 160 Tex. 399, 332 S.W.2d 310; Southwest General Construction Co. v. Price, Tex.Civ.App., 267 S.W.2d 855, n. w. h.

The judgment of the trial court is affirmed.