Maurice E. **CHARLES**, Appellant,

v.

Billie Ruth **CHARLES**, Appellee.

No. 17817.

Court of Civil Appeals of Texas, Dallas.

Feb. 3, 1972.

Rehearing Denied Feb. 24, 1972.

George Irwin, Irwin & Whitley, Dallas, for appellant.

F. Ward Steinbach, Crozier & Steinbach, Dallas, for appellee.

BATEMAN, Justice.

The only question presented by this appeal is whether appellee's claim against appellant was barred by the two year statute of limitation, Tex.Rev.Civ.Stat.Ann., art. 5526 (1958), as contended by appellant, or whether the indebtedness was evidenced by or founded upon a contract in writing within the terms of the four year statute, article 5527, as contended by appellee.

On or about August 3, 1966, the parties signed a promissory note payable to the order of Citizens State Bank of Richardson, Texas in the principal sum of $3,500, both principal and interest being payable in monthly installments. The note was secured by a deed of trust on certain land owned by appellee as her separate property. On the reverse side of said note appears another agreement, signed by the parties, as follows:

"August 3, 1966

It is specifily [*sic*] understood and agreed that I am responsible for the principal and interest for only 1550.00 of this note. The remaining balance is to be paid by Mrs. Charles. It is further understood by both of us that if the property is sold that the entire amount will be paid when sale is completed.

Maurice E. Charles

Billie Ruth Charles

Agreed to and accepted"

On May 15, 1967 appellee paid the note in full to the bank, and thereafter, on November 14, 1967, she sold the land which she had mortgaged to secure it. On December 9, 1970, she filed this suit against appellant alleging his failure and refusal to pay the said $1,550 which he had agreed in writing to pay and which, with accrued interest, then amounted to $1,688.90, for which amount she sued. She also sued for $200 on another claim. The trial court, sitting without a jury rendered judgment in appellee's favor for both items. Appellant complains only of the first item.

■ It is obvious that the suit was filed more than two years, and less than four years, after the accrual of appellee's cause of action. The facts are undisputed. Appellant was of course liable to the bank for the full amount of the $3,500 note, but his obligation to appellee is not founded upon that note because when appellee paid it the note was discharged. Her right of action is founded, not upon the note, but upon his implied promise to reimburse her for his share of their joint and several liability to the bank. This right of action arises out of the relationship of the parties rather than the written contract and is barred by the two year statute. Nelms v. Chazanow, 404 S.W.2d 359, 362 (Tex.Civ.App., Houston 1966, no writ); Gaines v. Gaines, 119 S.W.2d 427, 430 (Tex.Civ.App., Fort Worth 1938, no writ); Yndo v. Rivas, 107 Tex. 408, 180 S.W. 96 (1915).

Appellee contends, however, that the above quoted agreement appearing on the reverse side of the note evidenced appellant's obligation to pay $1,550 with interest, making the four year statute applicable. Let us examine the instrument and see if it sustains this contention.

■ It consists of only three sentences. The trial court evidently construed the first sentence to contain appellant's written promise to pay the $1,550 and interest to appellee, but in our opinion this sentence

contains no such promise to pay that amount to anyone. Its obvious and only purpose was to evidence appellee's agreement that, as between the parties, instead of being liable for half of the note, or $1,750 and interest, appellant would be liable only for the lesser amount. It merely placed a ceiling on his liability, as between the makers of the note, and correspondingly increased her liability. If it could be construed as his agreement to pay $1,550 and interest to anyone, it must be construed as an agreement on his part to pay that amount to the bank, for there is nothing in it to suggest that he intended thereby to promise to pay that amount to appellee, and this is especially true when it is considered that the separate agreement was entered into at the time the note was signed. There is nothing in the record to indicate that at that time it was contemplated that either party would pay the entire debt to the bank.

■ As held by the Commission of Appeals, in an opinion adopted by the Supreme Court, in Cowart v. Russell, 135 Tex. 562, 144 S.W.2d 249, 250 (1940):

"It is well settled that 'in order for an action to be one for an indebtedness evidenced by or founded upon a contract in writing, * * * the written instrument relied upon must itself contain a contract to do the thing for the nonperformance of which the action is brought.' Shaw v. Bush, Tex.Civ.App., 61 S.W.2d 526, 528, writ refused."

■ Moreover, the separate agreement lacks that completeness and certainty which are essential to make it a valid and enforceable contract to pay money. It is said to be fundamental that a person may not be subjected by law to a contractual obligation unless the character of such obligation is fixed with a reasonable degree of definiteness by an express or implied agreement of the parties; that an agreement must not only identify the subject matter but must also spell out the essential commitments and agreements of the parties with respect thereto; and that the courts cannot specifically enforce contracts or award substantial damages for their breach when they are wanting in reasonable certainty. 17 Am.Jur.2d, Contracts, §§ 75, 76, pp. 413, et seq.; East Line & R. River R. Co. v. Scott, 72 Tex. 70, 10 S.W. 99 (1888); Moore v. Dilworth, 142 Tex. 538, 179 S.W.2d 940, 942 (1944).

■ The written agreement relied on by appellee is not only devoid of any express promise on the part of appellant to pay money, but if considered as containing an implied promise to do so, it is fatally defective because it does not provide when or in what manner the $1,550 is to be paid. It contains no language to indicate whether the parties intended that appellant was to pay all of the monthly installments of principal and interest on the note until his limit of $1,550 was reached, or whether he was to pay 1550/3500ths of each installment, or whether appellee was to pay all of the installments until $1,950 had been paid on the principal, and that appellant would pay the remaining $1,550. See Bean v. Holmes, 236 S.W. 120 (Tex.Civ.App., El Paso 1921, writ ref'd), and Hume v. Bogle, 204 S.W. 673 (Tex.Civ.App., Austin 1918, no writ).

■ Therefore, we hold that the agreement on the reverse side of the note did not contain a promise on the part of appellant to pay any amount to appellee, and would therefore not sustain her action; but if it could be construed as a promise to pay it was not an enforceable contract because of uncertainty; and that appellee's cause of action, being based wholly on appellant's implied promise of reimbursement, and not evidenced by or founded upon any contract in writing, was barred by the two year statute of limitation.

The judgment is therefore reformed to eliminate appellee's recovery of $1,688.90 with interest, leaving her judgment for $200 with interest and costs undisturbed;

and, as so reformed, the judgment is affirmed. All costs of this appeal are taxed against appellee.

Reformed and affirmed.