**CAMPBELL CLEANING & DYE WORKS, Inc., v. PORTER et ux.**

No. 4369.

Court of Civil Appeals of Texas. El Paso.

June 1, 1944.

Rehearing Denied June 22, 1944.

Callaway & Reed and O. D. Montgomery, all of Dallas, for appellant.

Ellis P. House and Albert S. Reagan, both of Dallas, for appellees.

SUTTON, Justice.

This is an appeal from a judgment of the County Court at Law, Number Two, Dallas County.

The trial was to the court without a jury.

The suit was brought by Jack Porter and his wife against Campbell Cleaning & Dye Works, Inc., to recover for 630 hours overtime under the provisions of Art. 5169, Vernon's Ann.Civ.Statutes, as the same existed in 1940, prior to the repeal and amendment of 1943. Plaintiffs alleged Mrs. Porter worked as a laundress in a laundry establishment operated by the defendant at 2401 McKinney Avenue in the City of Dallas, and that she did all kinds of laundry work and was paid $15 per week. She claimed during the time she worked for the defendant between January 16, 1940, and August 6, 1940, she worked 630 hours overtime and attached a sheet showing the hours and minutes worked overtime each day, and sought to recover at the rate of 55⅚ cents per hour for such overtime.

The defendant answered with numerous special exceptions, a general demurrer and general denial.

The controlling question presented here is whether or not under the proof plaintiffs are within the terms of the statute supra.

On request the court filed findings and conclusions. The trial court found the defendant did a general laundry business and operated a laundry and dry cleaning plant; that Mrs. Porter was employed as a general laundry worker and performed all the duties of a laundry worker and was thus required to work. He found the dry cleaning department was so intermingled with the laundry department that it was impossible to ascertain what portion of the work was done in the one department or the other.

The evidence is the defendant operates a laundry and dry cleaning department under the same roof but in separate spaces or rooms. The Neon sign exhibited read: "Laundry, Cleaning, Pressing and Dyeing." Mrs. Porter's testimony is she worked all over the plant in both the laundry and dry cleaning departments. The testimony of the defendant's employees is they saw her work as a silk finisher in the cleaning department which consisted of ironing silk garments with both steam and electric irons, but that she may have worked in the laundry department also.

Defendant's contention is plaintiffs cannot recover because neither the pleadings

# 255

nor proof shows what portion of the over-time was done in the laundry department and what done in the dry cleaning department.

The statute, Art. 5169, under which the suit was brought reads:

"No female shall be employed in a laundry for more than fifty-four hours in one calendar week; the hours of such employment to be so arranged as to permit the employment of such female at any time so that she shall not work more than a maximum of eleven hours during the twenty-four hours' period of one day. If such female is employed for more than nine hours in any one day she shall receive pay at the rate of double her regular pay for such time as she is employed for more than nine hours per day."

■ The question presented .is: Was all the work done by Mrs. Porter "in a laundry" under the facts here? It is not washing, ironing, dyeing, pressing, etc., that is condemned by the statute, but it is the employment of a female in a laundry.

"Launder" or "laundering" is defined by Webster to mean "to wash, as clothes; to wash and to smoothe with a flatiron or mangle; to wash and iron; as to launder shirts." Laundry is defined to be "An establishment or place where laundering is done."

In the case of State v. Wah Lee, 49 R.I. 491, 144 A. 159, 161, the Supreme Court of Rhode Island had under consideration what is meant by "public laundry." The court said:

"Whatever may be the etymological derivation of the word, in the social and domestic life of to-day the popular and ordinary meaning of the term 'laundry,' used in connection with the word 'public', is that of a place to which the public are invited to deliver soiled clothes to be washed, dried, starched, ironed, and subjected to the processes ordinarily employed to render soiled clothes suitable for further use."

Webster defines "Dry-clean" to mean "To cleanse (a garment) with gasoline, benzine, or the like."

■ We think under the proof, the findings of the court and the definitions the work performed was in a laundry and hence within the statute. It need not be determined, and we do not determine, the place was exclusively a laundry, any more than it was exclusively a dry cleaning or dyeing establishment. We are of the opinion it cannot be said it is not a laundry. Furthermore, we regard it a matter of common knowledge that modern laundries, as a rule, do dry cleaning and pressing as a part of their laundry business. The place where the employee was employed was certainly "An establishment or place where laundering is done."

■ The point is made the plaintiffs may not recover the $20.00 attorney's fee, because not provided for under the particular statute, Art. 5169, supra, and because the recovery was for less than the amount sued for, if recovery is sought under Art. 2226, Vernon's Statutes. Appellees in their brief make the statement they remit the amount of the fee, but we find no release or record of a remittitur as required by Rule 315, Texas Rules of Civil Procedure. The judgment obtained, however, was for less than the amount sued for and the fee in no view of it is recoverable.

■ Appellant contends further the judgment cannot stand, because the statute makes no provision for the recovery of the overtime pay. We think the point is not well taken, because the statute provides, "she shall receive pay at the rate of double her regular pay for such time as she is employed for more than nine hours per day." This, the right to receive the pay, carries with it by necessary implication the right to sue and recover it.

Other assignments and points have been considered and are overruled.

■ The judgment of the trial court is reversed and rendered in so far as it permits a recovery of $20.00 attorney's fees; in all other respects it is affirmed, but the costs of appeal are adjudged against the appellees under Rule 139, Texas Rules of Civil Procedure.