S. E. RIGGS, Appellant,

v.

Dow RIGGS, Appellee.

No. 15465.

Court of Civil Appeals of Texas.

Dallas.

March 27, 1959.

Dalton & Moore, Dallas, for appellant.

Bradford & Pritchard, Dallas, for appellee.

DIXON, Chief Justice.

S. E. Riggs sued Dow Riggs for recovery of the consideration paid for shares of stock in United Screw Machine Products, Inc., alleging violation of Securities Act of 1955 and, in the alternative, fraud in inducing the purchase of the stock.

The record evidence shows that in about 1947 or 1948 J. Alton Riggs started a metal manufacturing business; that some time later he was joined by his brother, Dow Riggs, the business becoming a partnership; and that on October 31, 1955 the business was incorporated under the name of United Screw Machine Products Co. Inc. Appellant S. E. Riggs had on two occasions been employed by the Riggs Brothers, who are his cousins. About a year and a half prior to December 31, 1955 S. E. Riggs had started a similar business of his own which he was operating under the name of Mid-City Manufacturing Company.

On December 31, 1955 appellant S. E. Riggs transferred to the United Screw Machine Products, Inc. title and possession of certain machinery and equipment in consideration of the transfer to him of 10,000 shares of stock in the corporation. There is evidence that this transfer was brought about through the efforts of Dow Riggs. At the same time appellant, S. E. Riggs was made a vice-president of the corporation, and went to work for it at a salary of $450 per month. He later was made president of the corporation.

United Screw Machine Products Company, Inc. did not prosper. In August or September 1956 its affairs, by agreement of its Board of Directors, were taken over by Dallas Wholesale Creditmen's Association in behalf of creditors. The corporation's assets, including the machinery and equipment received from S. E. Riggs, were sold to satisfy creditors. By February 22, 1957 its shares of stock were without any value at all.

On March 19, 1957 S. E. Riggs filed this suit. In his amended petition, filed October 23, 1957, he alleges that the 10,000 shares of stock in the corporation were sold, offered for sale, and the sale was made to him by Dow Riggs in violation of the Se-

curities Act of 1955 in the following respects: (a) said shares of stock were not registered with the Secretary of State of the State of Texas, and no permit was issued by the Secretary of State qualifying said shares for sale; (b) appellee Dow Riggs, was not at the time he sold, offered for sale, and made sale of said shares to appellant registered as a dealer, salesman or agent as required by said act; (c) appellee Dow Riggs was guilty of fraudulent practices in connection with such sale.

A jury returned a verdict unfavorable to S. E. Riggs on his count alleging fraud. In this appeal appellant S. E. Riggs does not complain of the court's judgment denying him recovery on that score. But he does complain because of the court's failure to render judgment in his favor on his count based on violation of the Securities Act of 1955. The said Act has since been repealed, but was in effect at the time of the occurrence of the events involved in this case.

The jury found the value of the machinery and equipment to have been $24,000 on December 31, 1955. It was stipulated that at that time the property was subject to an indebtedness of $9,601.63. This left $14,398.37 as the value of the equity of S. E. Riggs, and it is for that amount that he says the trial court should have entered judgment and that this court should now render judgment in his favor. The trial court entered judgment that he take nothing by his suit.

In his first and second points on appeal appellant contends that the court erred in overruling appellant's motion for judgment and in sustaining appellee's motion for judgment, because the undisputed evidence, admissions, stipulations, and jury verdict entitled appellant to judgment on his cause of action in violation of the Texas Securities Act of 1955.

In his first counter point appellee replies that the court correctly entered judgment for appellee and denied appellant recovery because (1) appellant did not sustain his burden of proving that prior to filing suit he tendered to appellee the securities sold in proper form for transfer; (2) appellant neither pled nor offered evidence that he made written demand on appellee prior to filing suit for the actual amount paid by him for the securities sold less the amount of any income from such securities; (3) appellant neither pled nor offered evidence of the amount, if any, of the dividends, interest, and other income and distributions received by him upon the securities in question; and (4) there is no competent evidence to support the jury finding of the reasonable cash market value of the machinery in question.

Article 579–5(a) Vernon's Tex.Civ.St. 1956 Supp., of the Securities Act of 1955 requires that securities offered for sale be registered with the Secretary of State of the State of Texas and a permit issued qualifying such securities for sale. Art. 579–12 V.T.C.S. requires that persons engaged in selling securities be registered as salesmen or dealers. It is undisputed that the shares of stock sold to S. E. Riggs were not registered with the Secretary of State of the State of Texas, nor was Dow Riggs a registered salesman or dealer in securities. However appellee says that appellant did not comply with Art. 579–34 V.T.C.S. of the Securities Act, therefore was not entitled to judgment in his favor.

Art. 579–34 V.T.C.S. provides that every sale of any security made in violation of the Act shall be voidable at the election of the purchaser, who shall be entitled to recover from the seller the full amount paid to the seller plus interest upon the tender to the seller of the security sold, in proper form for transfer together with the amount of all dividends, interest and distributions received by the purchaser from such securities.

We agree with appellee that appellant did not comply with Art. 579–34 V.T. C.S. of the Securities Act of 1955. Appellant pled that on February 22, 1957 through his attorney he made a written demand on

appellee to refund to appellant the amount paid by appellant for the corporate stock, namely the sum of $31,500 cash, plus interest at 6%. Appellant also pled that in connection with his demand he tendered to appellant two written assignments each for 5,000 shares of stock in United Screw Machine Products. Inc.

But there is neither pleading nor evidence that before suit appellant tendered to appellee "the security sold, in proper form for transfer, * * *" as required by Art. 579–34 V.T.C.S. He tendered merely the two written assignments, not the stock certificates themselves properly endorsed. Neither do we find pleadings or evidence to the effect that appellant tendered to appellee "the amount of all dividends, interest and other income and distributions" received by appellant while he was in possession of the stock. If there were no such dividends, interest and other income received by appellant, that fact is not shown in the record evidence.

Further, the evidence is that in connection with his tender appellant demanded that he be paid a specific sum in cash, a sum in excess of twice the value of his equity in the machinery as found by the jury.

Appellant's failure to comply with the requirements of Art. 579–34 V.T.C.S. of the Securities Act of 1955 is fatal to his recovery of judgment in this case. We must hold that the trial court correctly rendered judgment for appellee. Appellant's first and second points are overruled.

■ In his third, fourth and fifth points appellant says that appellee failed to bring this sale of stocks within the exemptions provided by Art. 579–3(j), Art. 579–2(a), Art. 579–4, and Art. 579–39 V.T.C.S. of the Securities Act of 1955. Appellee's evidence shows only that appellant with the purchase of the 10,000 shares of stock became the fifth shareholder of the corporation, and that there was no public sale or solicitation of sales of the stock. The record is silent as to the number of holders of notes or other securities, if any, as required by Art. 579–2(a) V.T.C.S., or whether such securities were exempt as provided by Art. 579–4 V.T.C.S. The burden was on appellee to prove these facts in order to bring himself within the exemption provisions. But in the light of our holding that appellant who was plaintiff in the trial court, was not entitled to judgment because of his failure to comply with Art. 579–34 V.T.C.S. it becomes immaterial whether appellee, who was defendant, established his defense, so his failure to show his exemption must be regarded as harmless error.

■ The same thing is true of appellant's sixth, seventh and eighth points. In these points appellant says that the court should have ignored the jury's finding that appellant waited a longer time than a person of ordinary prudence would have waited to make any complaint concerning the terms of the sale of stock. Appellant made complaint and filed suit well within the time allowed for filing such a suit under our statute of limitations. Appellant was seeking to enforce a statutory legal right. The defense of laches is not available to the defendant in such a suit. Reynolds v. Farmers & Merchants Nat'l. Bank of Nocona, Tex.Civ.App., 135 S.W.2d 556; Hendricks v. Martin, Tex.Civ.App., 267 S.W. 1047; 27 Tex.Jur. 19. But again in the light of our holding with reference to appellant's first and second points, we must consider the court's error with respect to laches as harmless.

In his ninth and tenth points appellant says that the trial court erred in overruling his motion to vacate judgment and enter a proper judgment, and in overruling his motion in the alternative for new trial. Since we have held that the court properly rendered judgment for appellee, we overrule appellant's ninth and tenth points.

The judgment is affirmed.