**Paul V. HULL et al., Appellants,**

v.

**Morty L. FREEDMAN et al., Appellees.**

No. 16548.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 2, 1964.

Rehearing Denied Oct. 30, 1964.

R. Marvin Pierce, Wichita Falls, for appellants.

Anderson, McDonald & Cherry; Spence, Martin & Richie, and Gene Richie, Wichita Falls, for appellees.

LANGDON, Justice.

On November 5, 1959, appellees instituted suit to recover excess payments made under an oil and gas lease. The reservation of the overriding royalty interest contained in the lease under which the payments were made provides in part as follows:

"When the oil produced hereunder from the depths below two-thousand (2,000) feet shall amount to an average of thirty (30) barrels or more per well per day, the over-riding royalty shall be a net one eighth (⅛th) of the total oil so produced under this assignment, same to be free and clear of all operating costs and expenses; and when such production falls below an average of thirty (30) barrels per well per day, the over-riding royalty shall be a net one-sixteenth (⅟₁₆th) of the total oil produced under this assignment, free and clear of operatings expenses and costs. * * *

"Nothing herein will be construed to require the assignee to produce the wells into separate tanks for the purpose of determining the overriding royalty, but the average will be arrived at by averaging all producing wells on the daily basis of the number of days they are produced each month."

The appellees, owners and operators of the lease, alleged that in April of 1951 production dropped below 30 barrels per well per day and have not produced an average of 30 barrels since that time except for three months in 1951. That appellants received and converted to their own use and benefit some 4,697 barrels of oil produced from the lease which at the time of conversion had a reasonable cash market value of $14,091.00. The petition contained a prayer for judgment in the amount of $14,091.00, for costs and general relief but contained no reference to interest.

The case was tried to the court without a jury. Judgment was entered against appellants in the sum of $3,423.92, plus $753.26 interest, for a total of $4,177.18, with 6% interest thereon from date of judgment.

The appellants were notified in August or September of 1959 that under the sliding royalty agreement their interest should be reduced from ⅛th to ⅟₁₆th. This was their first notice. Upon being satisfied that the facts justified the reduction of their interests the appellants promptly agreed to such reductions.

During the trial of the case all monthly payments received by the appellants from April of 1951 through July of 1959, based upon a one-eighth (⅛th) interest, were stipulated and agreed upon.

The judgment of the court in the sum of $3,423.92 was apparently arrived at by

taking one-half (½) of all money received by the appellants during the four (4) year period next preceding the filing of the suit, and allowing interest thereon at six per cent for the period of about 4 years from the date suit was filed to the date of judgment, October 9, 1963. This would account for the sum of $753.26 in interest. One-half of the money received during the period would of course represent payment for a one-sixteenth (⅟₁₆th) royalty interest. There is no dispute that overpayments were made each month during the period of four (4) years prior to the time suit was filed and for each month during the years 1951 through 1959 except for three months during 1951 when production began to decline and in 1959 when appellants agreed to a reduction.

■■■ While it is not entirely clear from the record, it appears that the court, in effect, held either that the "conversion" alleged by the appellees or money paid under a mistake of fact constituted a debt evidenced by a contract in writing and that the four (4) year statute (Art. 5527, subd. 1, Vernon's Ann.Rev.Civ.St. of Texas) rather than the two (2) year statute of limitation (Art. 5526, subd. 4, Vernon's Ann. Rev.Civ.St. of Texas) was applicable. We are of the opinion the court erred and that its judgment should be reformed based upon application of the two year statute of limitation. It is well settled that in order for an action to be founded upon a written contract "the written instrument relied upon must itself contain a contract to do the thing for the nonperformance of which the action is brought." Cowart v. Russell, 135 Tex. 562, 144 S.W.2d 249 (1940); Shaw v. Bush, 61 S.W.2d 526 (Waco Civ.App., 1933, writ ref.). The lease contract in question placed no duty upon the appellants. There was no failure of performance on their part. The contract in question did not more than provide the explanation for the payments to the appellants. The case of Gulf Oil Corporation v. Lone Star Producing Co., 322 F.2d 28 (U.S.Ct. of App., 5th Cir., 1963), cited by appellees, involving a fixed price

per barrel for 600 barrels per day, has no application to the facts of this case.

There was no evidence to support the allegations based on conversion. The appellants at no time received any oil and thus could not have been liable for the conversion thereof. Appellants at all times pertinent hereto were entitled to receive payments for oil based on either ⅛th or ⅟₁₆th. The appellees, owners and operators, were under a duty to ascertain when the sliding royalty slipped from ⅛th to ⅟₁₆th and to serve notice upon the appellants and the pipeline company to which they delivered the oil. This they failed to do.

■ "Conversion involves a taking of property without the owner's consent; hence there can be no conversion where the owner has expressly or impliedly assented to the taking or disposition. To constitute a 'conversion' of property, in the sense in which that word is used in law, there must be some repudiation of the owner's right or an exercise of dominion over the property, wrongfully and in denial of or inconsistent with that right; or, as the rule has been otherwise stated, there must be an illegal assumption of ownership." 14 Tex. Jur.2d, p. 9, § 3. See also Sunray Enterprises, Inc. v. Rosenaur, 335 S.W.2d 670 (Dallas Civ.App., 1960, ref. n. r. e.).

"Ordinarily, a demand and refusal are required to establish a conversion by a person who acquired possession lawfully and without fault." 14 Tex.Jur.2d, p. 12, § 4.

■ "Money may be a subject of conversion if it can be described or identified as a specific chattel; that is, there may be a conversion where there was an obligation to return specific money, but not where an indebtedness may be discharged by the payment of money generally." 14 Tex.Jur. 2d, p. 17, § 11.

■ Although we are of the opinion that judgment cannot be sustained upon the basis of conversion we believe under the record as a whole that the appellees were entitled

to judgment based upon the theory of money paid under a mistake of fact.

 "It is a general rule that money paid under a mistake of fact, that is, an unconscious ignorance or forgetfulness of a fact, may be recovered. This is true where, for example, by reason of such a mistake a debt has been paid twice, or the amount paid was in excess of the amount due. The reason for the rule is that the payee ought not to retain what in conscience does not belong to him as against the person to whom in conscience it does belong.

 "The mere fact that the mistake was due to negligence on the part of the person who made the payment will not preclude a recovery. The payor may recover though he had the means of knowing the facts at the time, where he did not have actual knowledge of them, unless the payment was made intentionally and in circumstances showing a determination to pay without choosing to investigate the facts. Negligence in paying does not give the payee the right to retain what was not his due, unless he was misled or prejudiced by the mistake." 44 Tex.Jur.2d, p. 750, § 77, Mistake of fact.

.  "The two-year statute, prescribing a period of limitation for actions for debt where the indebtedness is not evidenced by a contract in writing, applies in an action for the recovery of money paid under mistake." 37 Tex.Jur.2d, p. 164, § 49. See also 37 Tex.Jur. p. 144, § 38 and authorities therein cited.

 The appellees were not entitled to interest prior to judgment since the amount sued for was not a liquidated, undisputed debt. The sum of money to which appellees were entitled, if any, could not be determined until the trial, where the facts could be fully developed and the court ascertain therefrom the amount due. This is particularly applicable where there is no prayer for interest and no contract providing therefor.

The appellants' points of error regarding application of the four-year statute of limitation and the interest allowed by the court are sustained. While we have sustained the contention regarding judgment based upon conversion, we are of the opinion that under the pleadings and the proceedings as a whole that judgment of the trial court could have been and probably was based upon the theory of payment by mistake.

Based upon the authorities cited as applied to the facts of this case, we are of the opinion that the trial court should have entered judgment in the sum of $1,597.68, representing one-half of all payments received by the appellants during the two year period immediately preceding November 5, 1959, the date on which the suit was filed, with interest thereon from October 9, 1963, the date of judgment. We therefore reform the judgment in part as indicated and, as reformed, affirm it.

Judgment reformed and affirmed.