**CITY OF TEMPLE et al., Appellants,**

v.

**Thomas V. BROWN et al., Appellees.**

**No. 11229.**

Court of Civil Appeals of Texas. Austin.

Oct. 21, 1964.

Rehearing Denied Nov. 18, 1964.

Joe Carroll, Temple, for appellants.

Cofer, Cofer & Hearne, Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment dated December 31, 1963, denying Thomas V. Brown reinstatement as Fire Alarm Operator in the Fire Department of the City of Temple, he having been dismissed on February 25, 1963; Brown alleged that from October 18, 1949 to October 2, 1961 he was an employee of the Fire Department of the City of Temple. Brown was indefinitely suspended on January 31, 1963, and such suspension was made permanent on the 25th of February, 1963 by the Firemen's and Policemen's Civil Service Commission and Brown was permanently dismissed.

Thomas V. Brown was joined in a second amended petition by S. M. Woodruff, Grant Matlock and J. W. Brooks seeking back pay due for overtime and Brown sought reinstatement.

The City and the Service Commission filed a plea in abatement and a number of special exceptions and denied that plaintiffs were entitled to back pay, and a general denial and plead that the claims were barred by the two years statute of limitation.

The pleadings are long and include many quotations from the statute and the City Charter but no question is raised as to recitations but only the effect thereof. It is not deemed essential to unduly lengthen this opinion by inserting such pleadings in greater detail than has been done.

The case was tried by the Court without the intervention of a jury and a judgment was rendered on December 31st, 1963 denying Brown's plea for reinstatement and awarded him judgment for $7,339.00 plus accrued interest in the amount of $1,115.80. The Court also entered judgment for $3,-587.00 plus $411.71 accrued interest to S. M. Woodruff, a judgment in favor of Grant Matthews for $151.44, plus accrued interest in the amount of $10.44 and a judgment in favor of J. W. Brooks for $55.20 and accrued interest in the amount of $6.62, and allowed interest from date on all recoveries.

The defendants in open Court excepted and gave notice of appeal of the judgment except that portion denying the appeal of Brown for reinstatement.

Brown excepted and gave notice of appeal to that portion of the judgment dismissing him and rendering judgment that he take nothing on his plea for reinstatement; no other exceptions or appeals from the judgment were taken by any of the other parties who had obtained money judgments.

Brown filed his motion to affirm on certificate reciting the events in the trial, such as the date of the judgment, and that the City gave notice of appeal and was not required to file a bond, but required to file transcript and statement of facts within the time as required by Rule 386, Texas Rules of Civil Procedure.

The motion further stated that the filing of a motion by the City was unnecessary and did not extend the time for filing the transcript and statement of facts with the Clerk of this Court, and that the appeal had been perfected when notice of appeal was given at the rendition of judgment. The movant cited City of Corpus Christi v. Gregg, 155 Tex. 537, 289 S.W.2d 746 (1956).

The City opposed the motion to affirm on certificate and cites Rule 306c, T.R.C.P. and the case of Park v. Essa Texas Corporation, 158 Tex. 269, 311 S.W.2d 228, and contended that an unnecessary motion for new trial could be filed and that it could appeal from the order overruling such motion.

The motion was overruled by this Court subject to final consideration. The case has been briefed and argued by the interested parties on appeal. Since we are affirming the judgment we do not deem it necessary to discuss the motion to affirm on certificate further.

The suit was brought by four Temple firemen for overtime pay for overtime serv-

ices as fire alarm dispatchers and for a declaratory judgment concerning Section 6 of Penal Code Article 1583–1, which provides a maximum number of hours in the work week of fire alarm dispatchers and provides the rate of compensation for overtime.

There is no issue as to time of employment or the positions of any of the appellees, or hours of employment, pay or overtime pay, if the City is liable.

As a defense to the suit the defendants pleaded laches, and such defense is not available in the suit for overtime pay, such being a statutory right under the provisions of Article 1583–1. 35 Tex.Jur.2d 462–6, Laches and Stale Demands, Secs. 3 and 6; Riggs v. Riggs, Tex.Civ.App., 322 S.W.2d 571, no writ history. Statutory obligations in the firemen's and policemen's cases are subject to the bar of the two years statute. Whitley v. City of San Angelo, Tex.Civ.App., 292 S.W.2d 857, no writ history.

In the instant case the Court correctly limited recovery to that overtime which had accrued within two years before suit was filed respectively. City of Wichita Falls v. Cox, Tex.Civ.App., 300 S.W.2d 317, er. ref., n. r. e.

The question of inexcusable delay is one of fact which was found adversely to the defendant, and the Court was justified in doing so. Fruth v. Gaston, Tex.Civ. App., 187 S.W.2d 581, writ ref., w. o. m.

The City sought to abolish the position of fire alarm dispatchers by adjusting the work week so as to require 24 hour shifts per week instead of 44 hours for fire alarm dispatchers. We do not believe this can be done successfully, but that each plaintiff is entitled to recover overtime pay for all hours in excess of 44 which he served during each week in which he was assigned to duty as a fire alarm dispatcher. City of San Antonio v. Wallace, 161 Tex. 41, 338 S.W.2d 153.

We sustain the judgment of the District Court upholding the dismissal of Brown.

The judgment of the District Court is affirmed.

Affirmed.