**EMPLOYERS CASUALTY COMPANY,**
**Appellant,**

v.

**UNIVERSAL UNDERWRITERS INSUR-**
**ANCE COMPANY, Appellee.**

**No. 7625.**

Court of Civil Appeals of Texas.

Amarillo.

June 20. 1966.

Blanchard, Clifford, Gilkerson & Smith, Lubbock, E. Lawrence Merriman, Lubbock, of counsel, for appellant.

Morehead, Sharp, Boyd & Tisdel, Plainview, Robert Gibbins, Jr., Plainview, of counsel, for appellee.

NORTHCUTT, Justice.

Employers Casualty Company brought this suit against Universal Underwriters Insurance Company to recover the sum of $789.59, which it had paid to General Electric Company and Carl William Allert for damages as a result of a collision between a vehicle owned by General Electric Company, and driven by Allert, and an automobile driven by John DePauw. Based upon the pleadings, answers to interrogatories and affidavits attached to the motions, each party moved for summary judgment. The trial court entered its order overruling Employers Casualty Company's motion and sustained Universal Underwriters Insurance Company's motion. Employers Insurance Company perfected this appeal from that judgment. Employers will hereafter be referred to as appellant and Universal as appellee.

Appellant in its original petition pleaded "that under the provisions of the plaintiff's insurance policy, which covered John DePauw d/b/a DePauw Drilling Company, plaintiff was obligated to pay for bodily injury, liability, or property damage liability in an automobile not owned by the named insured or his spouse if a resident of the same household, while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss, or destruction." Appellant by its first amended original petition pleaded that on or about July 28, 1964, John DePauw drove his 1964 Mercury to Plainview, Texas, to be repaired at Bratcher-DePauw Motor Company, and that while the 1964 Mercury owned by DePauw was being repaired in Plainview, DePauw returned to Lubbock in a Mercury owned by Bratcher-DePauw Motor Company, and as DePauw was returning to Lubbock, he collided with a 1963 Chevrolet automobile owned by General Electric and driven by Carl William Allert. On the same day of the accident, July 28, 1964, DePauw notified appellant of the accident and informed appellant that he was driving the car owned by Bratcher-DePauw Motor Company. On July 31, 1964, appellant paid General Electric Company and Allert for damages in the sum of $789.59. Appellant also pleaded that DePauw was a full partner in the ownership of Bratcher-DePauw Motor Company.

The 1964 Mercury automobile owned by Bratcher-DePauw Motor Company, and loaned to DePauw, was insured at the time of the accident by Universal Underwriters Insurance Company.

Appellant moved for summary judgment contending it was liable only as an "excess" carrier and that appellee was liable for the damages sustained in the accident. Appellee moved for summary judgment contending there was an absence of any genuine issue of fact and that appellant voluntarily made the payments for which it sued and in doing so was a volunteer. The trial court in sustaining appellee's motion for summary judgment held appellant was a volunteer. Under this record, we think the sole issue here involved is whether the undisputed record shows appellant to be a volunteer.

■ It seems to be well established in this state that money voluntarily paid with full knowledge of all facts and without fraud, deception, duress or coercion cannot be received back although it was paid upon a void or illegal demand or upon a claim which had no foundation in fact and was paid without consideration. Pennell v. United Ins. Co., 150 Tex. 541, 243 S.W.2d 572; Gibson v. General American Life Ins. Co., Tex.Civ.App., 89 S.W.2d 1070 (writ dis.); Sanders v. Republic National Bank of Dallas, Tex.Civ.App., 389 S.W.2d 551; American Casualty and Life Insurance Co. v. Boyd, Tex.Civ.App., 394 S.W.2d 685 and the cases there cited.

■ The undisputed record here shows that the accident here in question happened on July 28, 1964, and the appellant paid the damages which it seeks to recover herein on July 31, 1964. At that time the appellee did not know of the accident. Appellant paid the $789.59 without taking any

statement from Carl William Allert or from anyone connected with the General Electric Company. Neither did appellant take any statement from any witness as to the accident. No communication of any kind was ever had with appellee concerning the accident prior to the time appellant had paid the sum here sued for. Considering this record as a whole if appellant by mistake paid the sums here involved, we think such condition places the mistake, if any, in the category of a unilateral mistake and money paid under a unilateral mistake cannot be recovered. Sellman v. American National Insurance Company, Tex.Civ.App., 281 S.W.2d 150 (writ dis.).

To permit appellant to pay the damages as was done in this case and then make appellee repay the appellant without giving appellee the right to have determined whose negligence caused the accident would be depriving the appellee of a valuable right. All this record shows is that there was an accident and appellant took upon itself to determine whose negligence caused the accident. The occurrence of an accident or collision is not of itself evidence of negligence. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195; Davis v. Castile, Tex.Com.App., 257 S.W. 870; Phillips v. Citizens' Nat. Bank, Tex. Com.App., 15 S.W.2d 550. Assuming that as between appellant and appellee, that appellee would be the one obligated to pay the General Electric Company and Allert for their damages if they were entitled to recover, we think appellee would have the right to have determined, if it cared to do so, if it was the negligence of General Electric and Allert that caused the accident. If it was the negligence of General Electric or Allert that caused the accident, neither appellee nor appellant would be liable. Surely, the appellee would have the right to have some say as to the reasonable amount of the damages due General Electric and Allert.

We are of the opinion, and so hold, under this record that appellant voluntarily made the payments for which it sued and in doing so was a volunteer and is not entitled to recover back the sums paid by it.

Judgment of the trial court is affirmed.