**AUT–O–CEL COMPANY, Inc., et al., Appellants,**

v.

**HOUSTON PLASTIC PRODUCTS, INC., Appellees.**

No. 4574.

Court of Civil Appeals of Texas.

Waco.

Feb. 2, 1967.

Rehearing Denied Feb. 23, 1967.

Arthur L. Forbes, Houston, for appellants.

Barrow, Bland & Rehmet, Sidney Farr, Charles M. Leftwich, Houston, for appellees.

## OPINION

WILSON, Justice.

Two appeals arising from four related causes of action are presented. Disregarding of jury findings by the trial court is the basis for complaint. We affirm.

Houston Plastic Products, Inc. sued and recovered judgment against Aut-O-Cel Company for debt. This portion of the judgment is not assailed. Ancillary to its action for debt, Houston Plastics obtained issuance of a writ of attachment against physical assets of Aut-O-Cel. The latter defendant filed a cross-action alleging damages for breach of warranty and for wrongful attachment.

Aut-O-Cel, as dealer, marketed a unique battery under franchise. Brazell, its president, owned a set of "Series 200" battery case molds which he loaned to Houston Plastics for molding Aut-O-Cel's battery cases. When Houston Plastics' debt action was filed and the attachment issued, Brazell notified Houston Plastics by letter that he planned to "have these molds picked up" on a specified date, and requested they be "set on pallets for fork-lift handling," for "a truck to pick them up as I instruct"; that he wished the molds released to him; and that he be notified that they were available.

The court disregarded jury findings in Brazell's conversion action that he demanded the return of the Series 200 molds, which he owned, and that Houston Plastics refused to deliver them, to his damage in the sum of $15,000.

It is not necessary for us to pass on whether there was evidence to support any of the findings except that concerning refusal to deliver. There is no evidence that Brazell sent any trucks to pick up the molds, or came after them. There is noth-

ing to indicate Houston Plastics refused to surrender them, repudiated Brazell's title or right to possession or exercised any inconsistent dominion over the chattels. The court properly disregarded the finding, and, as a consequence, conversion was not established. Presley v. Cooper, 155 Tex. 168, 284 S.W.2d 138, 141; Hull v. Freedman, Tex.Civ.App., 383 S.W.2d 236, 238, writ ref., n. r. e. The judgment on Brazell's appeal is affirmed.

Aut-O-Cel's appeal first attacks the trial court's action in disregarding jury findings in its action for wrongful attachment to the effect that Houston Plastics did not have probable cause to believe Aut-O-Cel was about to secrete its property for the purpose of defrauding creditors, and which assessed damages. After disregarding these findings judgment was rendered that Aut-O-Cel take nothing.

■ The evidence to support the contention that probable cause existed consists for the most part in testimony that Aut-O-Cel was delinquent in paying Houston Plastics for products delivered, that it told the creditor it had no money, notwithstanding it was selling batteries made from cases Houston Plastics had furnished. The evidence is not controverted, and in this state of the record we think the court properly disregarded the finding as to absence of probable cause for appellee's belief.

Aut-O-Cel relies on Anderson v. Byrum, Tex.Civ.App., 73 S.W.2d 571, no writ. There, however, the affidavit for the writ recited that the debtors "have disposed" of their property with intent to defraud creditors, and the court held that since the affidavit was "based alone" on failure to pay a debt, it was insufficient. That is not the present case. It is not necessary for us to decide whether the evidence did not support the finding as to damages on this phase of the case.

■ Aut-O-Cel finally presents points as to no evidence and preponderance of the

evidence concerning adverse jury findings in its cross-action for breach of warranty. The jury returned a negative answer to an issue as to whether Houston Plastics failed to manufacture battery cases of suitable workmanship and quality as agreed, and found Aut-O-Cel sustained no damages. We have considered these contentions and the points are overruled. Affirmed.