**CITY OF GALVESTON, Appellant,**

v.

**Frank RUSSO et al., Appellees.**

**No. 899.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 13, 1974.

Rehearing Denied May 8, 1974.

See also 508 S.W.2d 882.

Robert V. Shattuck, Jr., Acting City Atty., Preston Shirley, Russell B. Serafin, Mills, Shirley, McMicken & Eckel, Galveston, for appellant.

James R. Watson, Jr., Chris Dixie, Dixie, Wolf & Hall, Houston, for appellees.

CURTISS BROWN, Justice.

This is a suit by firemen of the City of Galveston to recover overtime pay.

Frank Russo, W. D. Isbell, and Genoice Walker brought this suit for themselves and as a class action against the City of Galveston (the City). The plaintiffs are firemen who have been assigned from time to time to work in the dispatcher's office when a regular dispatcher is not on duty. They seek to recover overtime pay for serving in this capacity. After trial to the court, the trial court entered judgment that the individual plaintiffs recover specified amounts for overtime hours. The City has appealed.

The hours of work of firemen and dispatchers are governed by Vernon's Tex. Penal Code Ann. art. 1583–1, sec. 6 (Supp. 1972)[1] which provides in part as follows:

It shall be unlawful for any city having more than ten thousand (10,000) inhabi-

1. This section has been transferred to the civil statutes as Vernon's Tex.Rev.Civ.Stat.Ann. art. 1269p, sec. 6 (Supp.1973), by authority of Tex.Laws 1973, ch. 399, sec. 5, at 955, enacting the new Texas Penal Code.

tants but not more than sixty thousand (60,000) inhabitants, according to the last preceding Federal Census, to require or permit any fireman to work more than seventy-two (72) hours during any one calendar week. It shall be unlawful for any city having more than sixty thousand (60,000) inhabitants but not more than one hundred twenty-five thousand (125,000) inhabitants, according to the last preceding Federal Census, to require or permit any fireman to work more than an average, during a calendar year, of sixty-three (63) hours per week. It shall be unlawful for any city having more than one hundred twenty-five thousand (125,000) inhabitants, according to the last preceding Federal Census, to require or permit any fireman to work more than an average, during a calendar year, of sixty (60) hours per week.

Provided further, that in any city having more than ten thousand (10,000) inhabitants, according to the last preceding Federal Census, the number of hours in the work week of members of the fire department whose duties do not include fighting fires, including but not limited to mechanics, clerks, investigators, inspectors, fire marshals, fire alarm dispatchers and maintenance men, shall not exceed the number of hours in the normal work week of the majority of the employees of said city other than firemen and policemen.

The fire-fighting firemen of the City of Galveston are divided into the following classifications, with the following minimum pay: Fire-fighter—$2.32 per hour, Driver —$2.48 per hour, Lieutenant—$2.62 per hour, Captain—$2.76 per hour, Assistant Chief—$3.04 per hour. These men work twenty-four hours on and forty-eight hours off, which means they work forty-eight hours one week and seventy-two the next, averaging fifty-six hours per week. These positions are state civil service jobs. Dispatchers work a forty hour week and receive $324 per month salary. Their posi-

tions are not governed by civil service rules.

The City employs four dispatchers who combine to work 160 hours per week. That leaves eight hours each week which must be covered, in addition to vacation time and sick leave. To respond to this need, the Fire Chief issued the following memorandum:

TO All Assistant Chiefs DATE Dec. 21, 1970

FROM Chief Stanforth SUBJECT Dispatching Office

Beginning this date, you will assign Firefighters only to the Dispatching Office. This is to be done whenever the regular Dispatchers are off sick or on vacation or off days. Each Firefighter will stand a four (4) hour watch. No one is to be given time off for this or sent home for the remainder of the Shift. This is the Fireman's responsibility to perform this duty.

The plaintiffs contended below that since they work fifty-six hours as fire-fighters, in those weeks when they doubled as dispatchers they should be entitled to overtime pay for an eight-hour shift. Although the memorandum quoted above calls for a four-hour shift, the Fire Chief conceded that a longer shift was worked at times. In addition, however, plaintiffs' counsel admitted in a statement to the trial court that from the records of the fire department it was impossible to tell how many hours each man worked as a dispatcher. The records merely indicated with a check mark those weeks in which a fire-fighter doubled. They did not indicate how many shifts or hours were worked in that week. Further, the trial court granted overtime on the basis of the fire-fighters' pay scale rather than that of the dispatchers. Although it has no effect in view of our ultimate decision in this case, we do not feel it inappropriate to mention that the damages assessed in this manner were without basis in the evidence.

■ The appellant's first point on appeal is a challenge to the jurisdiction of the district court and this Court. Appellant contends that we have no jurisdiction of this claim which arose under a provision of the Penal Code. This point is overruled on the basis of the decision by the Supreme Court in Austin Fire & Police Departments v. City of Austin, 149 Tex. 101, 228 S.W.2d 845 (1950). That case involved a suit under another part of the statute involved in the instant case, and in overruling a challenge to its jurisdiction the Court held that although the statute did not expressly authorize a civil action based upon it, a civil action was authorized by necessary implication.

■ We base our decision in this case on appellant's points thirteen and fourteen and therefore do not discuss any others. Points thirteen and fourteen in essence challenge the applicability and interpretation of section 6 of Article 1583–1. We agree. A simple, straightforward reading of the statute reveals that the plaintiffs were not entitled to recover overtime for their duties as dispatchers. That part of the statute applicable to the City of Galveston restricts firemen to an average of sixty-three hours per week during any calendar year. There is no dispute that the plaintiffs average fifty-six hours a week. The language on which plaintiffs rely states that the hours of fire department employees *"whose duties do not include fighting fires*, including . . . fire alarm dispatchers . . ."* (emphasis added) shall not exceed the hours in the normal work week of other city employees. In the City of Galveston, city employees normally work a forty-hour week. It is true, as appellees argue, that a fire-fighter who doubles as a dispatcher may have to fight a fire or attend other duties after a shift as dispatcher. Nevertheless, he is still a fire department employee whose duties *include fighting fires*, and the "normal work week" limitation would not apply to him. Each fire-fighter serves on a twenty-four hour shift. His duties during that shift are subject to the order of his superiors, whether he is told to clean and check equipment or serve the equally vital function of taking alarm reports by phone and notifying the proper station.

■ We wish to be careful, however, not to be understood as passing on several related problems. If it were shown that duties as dispatchers were detracting from firemen's ability to fight fires, other remedies might be available to restrict this practice. It is also clear that the City could not abolish the job of dispatcher and fill the positions with fire-fighters. *See* City of San Antonio v. Wallace, 161 Tex. 41, 338 S.W.2d 153 (1960). Also, this is not a case in which the City has assigned token or insubstantial fire-fighting duties to avoid the thrust of the statute. No bad faith or arbitrary action has been shown.

The decision in City of Temple v. Brown, 383 S.W.2d 639 (Tex.Civ.App.— Austin 1964, writ dism'd), cited to us by appellees, seems on its face to be somewhat in conflict with our decision. We believe that it is distinguishable. In that case, the City of Temple dismissed all its fire alarm dispatchers and used fire-fighters to fill such positions. Brown sued for reinstatement, and the fire-fighters sued for overtime pay for the hours they served as dispatchers. The trial court upheld the dismissal and awarded the overtime. The court of civil appeals affirmed. We do not find this case persuasive for several reasons. First, it is not clear whether the hours worked as dispatchers were during or in addition to a regular fire-fighter's shift. Second, it is not clear whether the fire-fighters involved were used exclusively as dispatchers or whether they continued their other duties as well. Third, the dispatchers had civil service status and the city attempted to use firemen to abolish these positions. In Galveston dispatchers have no such status.

The plaintiffs were not entitled to recover on the basis on which they brought

this action. We therefore reverse the judgment of the trial court and render judgment that the plaintiffs take nothing.

Reversed and rendered.

