Honorable John J. Kavanagh, M.D. Commissioner Texas Department of Mental Health and Mental Retardation P. O. Box 12668 Austin, Texas 78711
Re: Overtime compensation for employee of the Department of MH/MR who holds a full-time and a part-time job at the same facility.
Dear Dr. Kavanagh:
You have requested our opinion as to whether article 5165a, V.T.C.S., and article V, section 2e of H.B. 558, the General Appropriations Act, Acts 1979, 66th Legislature, chapter 843, at 2898, require overtime compensation to be paid to an MH/MR employee who holds a full-time and a part-time position with the same MH/MR facility. We will assume that state law permits such dual employment.
Article 5165a, section 1, V.T.C.S., provides that:
 All state employees who are employed in the offices of state departments or institutions or agencies, and who are paid on a full-time salary basis, shall work forty (40) hours a week. Provided, however, that the administrative heads of agencies whose functions are such that certain services must be maintained on a twenty-four (24) hours per day basis are authorized to require that essential employees engaged in performing such services be on duty for a longer work-week in necessary or emergency situations.
Article V, section 2e of House Bill 558 provides as follows:
 OVERTIME. When a regular, full-time employee is required to work hours in excess of the standard work week established for the position in accordance with applicable statutes, the employee shall be entitled to compensation for such overtime either: (1) by receiving equivalent time off during the same biennium . . . or (2) at the discretion of the employing . . . agency . . . by receiving pay at a rate equivalent to one and one-half times the regular rate of pay. . . . Administrators shall except specific executive, administrative and professional positions . . . from these provisions. (Emphasis added). Acts 1979, 66th Leg., ch. 843, art. V, § 2e, at 2898.
Excepted from the overtime provisions are `professional medical personnel and employees employed in a bona fide executive, administrative or professional capacity.' We assume that the full-time position to which you refer is classified within the Position Classification Plan and that the employees in question are not exempt from the overtime provisions of H.B. 558.
An employee who holds a full-time position at an MH/MR facility and works in excess of 40 hours per week in that full-time position is clearly entitled to overtime compensation. The question is whether hours worked by a full-time MH/MR employee in a separate, part-time position at the same MH/MR facility constitute `hours in excess of the standard work week established for the position' by article 5165a, V.T.C.S.
There is a dearth of case law in this area. One of the submitted briefs cites cases arising under the Fair Labor Standards Act, 29 U.S.C. § 201-219, e.g., Hodgson v. Penn Packing Co.,335 F. Supp. 1015 (E.D.Pa. 1971), and certain Texas cases dealing with overtime compensation, e.g., City of Temple v. Brown,383 S.W.2d 639 (Tex.Civ.App.-Austin 1964, writ dism'd); City of Wichita Falls v. Cox, 300 S.W.2d 317 (Tex.Civ.App.-Fort Worth 1957, writ ref'd n.r.e.); Campbell Cleaning and Dye Works v. Porter, 183 S.W.2d 253 (Tex.Civ.App.-El Paso 1944, writ ref'd). However, these cases are not helpful. Aside from the fact that the minimum wage and meximum hour provisions of the FLSA are not binding upon the states, National League of Cities v. Usery,426 U.S. 833 (1976), the overtime provisions of the FLSA are quite different from those of the General Appropriations Act. The Texas cases which are cited are inapposite. And our own research has disclosed no case which is on point.
Our objective in construing the overtime provisions of the General Appropriations Act must be to ascertain and give effect to the legislature's intent. Jessen Associates, Inc. v. Bullock,531 S.W.2d 593 (Tex. 1975). Intent must be ascertained by examining the entire enactment. Citizens Bank v. First State Bank, 580 S.W.2d 344 (Tex. 1979). When the overtime provisions are closely scrutinized, it becomes apparent that the legislature addressed nothing more than the issue of overtime compensation for regular, full-time state employees who work additional hours in the full-time position in which they are employed. There is nothing to indicate that it even contemplated a situation involving an employee who puts in more hours than his full-time position calls for, but in a separate, part-time position in which he chooses to work. We decline to hold that such an employee is entitled to overtime for the hours worked in the part-time position absent any evidence that the legislature intended this result or, for that matter, even considered the question. See State v. Standard, 414 S.W.2d 148 (Tex. 1967); Gilbert v. State, 437 S.W.2d 444 (Tex.Civ.App.-Houston [14th Dist.] 1969, writ ref'd n.r.e.) (legislative grants of rights or privileges are construed strictly in favor of state; anything not unequivocally granted in clear and explicit terms is withheld).
We therefore conclude that an MH/MR employee who holds a full-time and a part-time position at the same MH/MR facility is not entitled to overtime for the hours worked in the part-time position.
 SUMMARY
Article 5165a, V.T.C.S., and article V, section 2e of the General Appropriations Act do not entitle an MH/MR employee who holds a full-time and a part-time position at the same MH/MR facility to overtime for the hours worked in the part-time position.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Jon Bible Assistant Attorney General