

# The Attorney General of Texas

March 23, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John J. Kavanagh, M.D.
Commissioner
Texas Department of Mental Health
  and Mental Retardation
P. O. Box 12668
Austin, Texas 78711

Opinion No. MW-311

Re: Overtime compensation for employee of the Department of MH/MR who holds a full-time and a part-time job at the same facility

Dear Dr. Kavanagh:

You have requested our opinion as to whether article 5165a, V.T.C.S., and article V, section 2e of H.B. 558, the General Appropriations Act, Acts 1979, 66th Legislature, chapter 843, at 2898, require overtime compensation to be paid to an MH/MR employee who holds a full-time and a part-time position with the same MH/MR facility. We will assume that state law permits such dual employment.

Article 5165a, section 1, V.T.C.S., provides that:

> All state employees who are employed in the offices of state departments or institutions or agencies, and who are paid on a full-time salary basis, shall work forty (40) hours a week. Provided, however, that the administrative heads of agencies whose functions are such that certain services must be maintained on a twenty-four (24) hours per day basis are authorized to require that essential employees engaged in performing such services be on duty for a longer workweek in necessary or emergency situations.

Article V, section 2e of House Bill 558 provides as follows:

> OVERTIME. When a regular, full-time employee is required to work hours in <u>excess of the standard work week established for the position</u> in accordance with applicable statutes, the employee shall be entitled to compensation for such overtime either: (1) by receiving equivalent time off during the same biennium... or (2) at the discretion of the employing... agency... by receiving pay at a rate equivalent to one and one-half times the regular rate of pay.... Administrators shall except specific

executive, administrative and professional positions. . . from
these provisions. (Emphasis added). Acts 1979, 66th Leg., ch.
843, art. V, §2e, at 2898.

Excepted from the overtime provisions are "professional medical personnel and
employees employed in a bona fide executive, administrative or professional
capacity." We assume that the full-time position to which you refer is classified
within the Position Classification Plan and that the employees in question are not
exempt from the overtime provisions of H.B. 558.

An employee who holds a full-time position at an MH/MR facility and works in
excess of 40 hours per week in that full-time position is clearly entitled to overtime
compensation. The question is whether hours worked by a full-time MH/MR employee
in a separate, part-time position at the same MH/MR facility constitute "hours in
excess of the standard work week established for the position" by article 5165a,
V.T.C.S.

There is a dearth of case law in this area. One of the submitted briefs cites
cases arising under the Fair Labor Standards Act, 29 U.S.C. sections 201-219, e.g.,
Hodgson v. Penn Packing Co., 335 F. Supp. 1015 (E.D.Pa. 1971), and certain Texas cases
dealing with overtime compensation, e.g., City of Temple v. Brown, 383 S.W. 2d 639
(Tex. Civ. App. - Austin 1964, writ dism'd); City of Wichita Falls v. Cox, 300 S.W. 2d
317 (Tex. Civ. App. - Fort Worth 1957, writ ref'd n.r.e.); Campbell Cleaning and Dye
Works v. Porter, 183 S.W. 2d 253 (Tex. Civ. App. - El Paso 1944, writ ref'd). However,
these cases are not helpful. Aside from the fact that the minimum wage and
maximum hour provisions of the FLSA are not binding upon the states, National
League of Cities v. Usery, 426 U.S. 833 (1976), the overtime provisions of the FLSA
are quite different from those of the General Appropriations Act. The Texas cases
which are cited are inapposite. And our own research has disclosed no case which is
on point.

Our objective in construing the overtime provisions of the General Appropria-
tions Act must be to ascertain and give effect to the legislature's intent. Jessen
Associates, Inc. v. Bullock, 531 S.W. 2d 593 (Tex. 1975). Intent must be ascertained by
examining the entire enactment. Citizens Bank v. First State Bank, 580 S.W. 2d 344
(Tex. 1979). When the overtime provisions are closely scrutinized, it becomes
apparent that the legislature addressed nothing more than the issue of overtime
compensation for regular, full-time state employees who work additional hours in the
full-time position in which they are employed. There is nothing to indicate that it
even contemplated a situation involving an employee who puts in more hours than his
full-time position calls for, but in a separate, part-time position in which he chooses
to work. We decline to hold that such an employee is entitled to overtime for the
hours worked in the part-time position absent any evidence that the legislature
intended this result or, for that matter, even considered the question. See State v.
Standard, 414 S.W. 2d 148 (Tex. 1967); Gilbert v. State, 437 S.W. 2d 444 (Tex. Civ.
App. - Houston [14th Dist.] 1969, writ ref'd n.r.e.) (legislative grants of rights or
privileges are construed strictly in favor of state; anything not unequivocally granted
in clear and explicit terms is withheld).

We therefore conclude that an MH/MR employee who holds a full-time and a part-time position at the same MH/MR facility is not entitled to overtime for the hours worked in the part-time position.

## SUMMARY

Article 5165a, V.T.C.S., and article V, section 2e of the General Appropriations Act do not entitle an MH/MR employee who holds a full-time and a part-time position at the same MH/MR facility to overtime for the hours worked in the part-time position.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Lucius Bunton
Rick Gilpin