**LYMAN D. ROBINSON FAMILY LIMITED PARTNERSHIP, Linda R. Sullivan, Stephen A. Sullivan, David M. Sullivan & Kelly V. Harsch, Appellants,**

v.

**McWILLIAMS &˙ THOMPSON, PLLC, Appellee.**

No. 05-03-01158-CV.

Court of Appeals of Texas, Dallas.

Aug. 23, 2004.

Ronald W. Uselton, Sherman, for appellants.

Grady R. Thompson, McWilliams & Thompson, P.C., McKinney, for appellee.

Before Justices MOSELEY, BRIDGES, and LANG–MIERS.

## OPINION

Opinion by Justice BRIDGES.

Lyman D. Robinson family limited partnership, Linda R. Sullivan, Stephen A. Sullivan, David M. Sullivan, and Kelly V. Harsch appeal the trial court's summary judgment in favor of McWilliams &

Thompson, PLLC. In five issues, appellants argue certain fact questions preclude summary judgment, funds paid under a unilateral mistake cannot be recovered, appellee inexcusably delayed an enforcement of rights, and the trial court erred by adjudging each appellant liable for the full judgment. We affirm the trial court's judgment.

In August 2000, appellants entered into a contract (the purchase contract) to sell certain real property to J. Baker Acquisition Corporation. As part of the contract, Baker deposited with appellee $20,000 in earnest money. At the same time, appellee was the escrow agent for another transaction involving Baker in which Baker deposited $15,000 in earnest money. Baker and appellants amended the purchase contract which required the release of escrowed funds to appellants at their request. By letter dated September 13, 2001, appellants demanded release of the escrowed funds. Appellee mistakenly released both the $20,000 escrowed under the purchase contract and the $15,000 escrowed under the other transaction involving Baker. By letter dated August 9, 2002, appellee requested the overpayment, then totaling $15,642.15, be repaid. Appellants refused, and appellee filed suit seeking repayment and attorney's fees. The trial court ultimately granted appellee's motion for summary judgment, and this appeal followed.

▮ In their first issue, appellants argue the trial court erred in granting appellee's motion for summary judgment because a fact issue exists as to whether appellants were misled or prejudiced by the overpayment and subsequent delay in seeking repayment. Specifically, appellants rely on their uncontroverted affidavits that they paid taxes on the amount of the overpayment and made other expenditures in reliance on the accuracy of the payment. In reviewing the trial court's decision to grant summary judgment, we apply well-known standards. See Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex.1985).

▮ It is a general rule that money paid under a mistake of fact, that is, an unconscious ignorance or forgetfulness of a fact, may be recovered. Hull v. Freedman, 383 S.W.2d 236, 239 (Tex.Civ.App.-Fort Worth 1964, writ ref'd n.r.e.). This is true where, for example, by reason of such a mistake a debt has been paid twice, or the amount paid was in excess of the amount due. Id. The reason for the rule is that the payee ought not to retain what in conscience does not belong to him as against the person to whom in conscience it does belong. Id. Negligence in paying does not give the payee the right to retain what was not his due, unless he was misled or prejudiced by the mistake. Id.

Here, appellants argue they were prejudiced by appellee's mistake in that they paid taxes on the extra $15,000 and made other expenditures in reliance on the payment. However, we cannot conclude that receiving the money to which they were not entitled, claiming it and paying taxes on it, and spending it "prejudiced" appellants. See id. Accordingly, appellants failed to raise a fact issue precluding summary judgment on this issue. See Nixon, 690 S.W.2d at 548–49. We overrule appellants' first issue.

▮ In their second and fourth issues, appellants argue fact questions exist whether laches bars appellee's claims and appellee inexcusably delayed requesting a return of the $15,000 overpayment. However, "inexcusable delay" is an element of laches, not an independent defense. See City of Temple v. Brown, 383 S.W.2d 639, 641 (Tex.Civ.App.-Austin 1964, writ dism'd); Zapata Corp. v. Zapata Trading

*Int'l*, 841 S.W.2d 45, 50 (Tex.App.-Houston [14th Dist.] 1992, no writ) (to prove laches, appellee had burden to prove: (1) delay in asserting right or claim, (2) delay was inexcusable, and (3) undue prejudice resulted from delay). Thus, the issue is really whether appellee's claims are barred by laches. We have already concluded appellants were not unduly prejudiced by receiving the $15,000 overpayment. Thus, we reject appellants' argument that a fact issue exists whether laches bars appellee's claims. *See Nixon*, 690 S.W.2d at 548–49; *Zapata*, 841 S.W.2d at 50. Further, the arguments and authorities cited by appellant do not support a conclusion that appellee inexcusably delayed an enforcement of rights. *See Brown*, 383 S.W.2d at 641 (as defense to suit defendants pleaded laches); *R.G. McClung Cotton Co. v. Cotton Concentration Co.*, 479 S.W.2d 733, 743 n. 3 (Tex.Civ.App.-Dallas 1972, writ ref'd n.r.e.) (plaintiff did not claim payments made under mistake of fact, so question not before Court). We overrule appellants' second and fourth issues.

In their third issue, appellants argue a fact issue exists whether "unilateral mistake" bars appellee's claims. In support of their argument, appellants cite *Employers Casualty Company v. Universal Underwriters Insurance Company*, 404 S.W.2d 954, 955 (Tex.Civ.App.-Amarillo 1966, no writ) for the proposition that money voluntarily paid with full knowledge of all facts and without fraud, deception, duress, or coercion cannot be received back although it was paid upon a void or illegal demand or upon a claim which had no foundation in fact and was paid without consideration. *See also R.G. McClung Cotton Co.*, 479 S.W.2d at 743; *Sellman v. Am. Nat'l Ins. Co.*, 281 S.W.2d 150, 154 (Tex.Civ.App.-Texarkana 1955, writ dism'd). However, the authorities cited by appellants involved money paid voluntarily with full knowledge of all facts, not money paid by mistake as in the case before us. *See R.G. McClung Cotton Co.*, 479 S.W.2d at 743 (plaintiff did not claim payments made under mistake of fact); *Employers Casualty Company*, 404 S.W.2d at 955 (excess insurance carrier sought reimbursement from primary carrier for funds paid to third party injured by insured and entitled to be paid damages); *Sellman*, 281 S.W.2d at 154 (life insurance company sought repayment of funds paid on policy to spouse of insured mistakenly believed dead). Accordingly, we overrule appellants' third issue.

■ In their fifth issue, appellants argue the trial court erred in adjudging each appellant liable for the full amount of the judgment. Citing section 33.013 of the civil practice and remedies code, appellants argue there was no basis for the court to place the burden of its judgment on all of the appellants jointly. A review of the record shows the following sentence in appellants' original answer: "Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants set forth the affirmative defense of proportionate responsibility." Rule 94 deals with the presentment of affirmative defenses and does not pertain to the issue of joint liability. *See* TEX. R. CIV. P. 94. Further, proportionate responsibility applies to prevent a claimant from recovering damages on certain claims if his percentage of responsibility is greater than fifty percent. TEX. CIV. PRAC. & REM. CODE ANN. § 33.001 (Vernon 1997). Even assuming appellants intended by their assertion of "proportionate responsibility" that each appellant should only be required to repay his or her own pro rata share of the overpayment, appellants did not make that specific argument in their pleadings and presented no further complaint regarding what they termed "proportionate responsibility." We conclude a single sentence in appellants' original answer referring to rule 94

was insufficient to make the trial court aware of their assertion that each of them should not be adjudged liable for the entire amount of the overpayment. *See* TEX. R. APP. P. 33.1. Accordingly, appellants have failed to preserve this issue for our review. *See id.* We overrule appellants' fifth issue.

We affirm the trial court's judgment.